SPRING BRANCH I.S.D.; Harold D. Guthrie, in all Capacities; the University Interscholastic League (U.I.L.); and the Texas Education Agency (T.E.A.), Appellants,

v.

Towner REYNOLDS, Individually, and as Next Friend of Jordan Reynolds, a Minor, Appellees.

No. 01–87–00375–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 1988.

Kevin T. O'Hanlon, Asst. Atty. Gen., Austin, for appellants.

Anthony Sheppard, Jeffrey Davis, Reynolds, White, Allen & Cook, Houston, Lucius D. Bunton, Margaret A. Cooper, Burton, Nolan, Ode & Cooper, Austin, for appellees.

Before EVANS, C.J., and LEVY and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an interlocutory appeal from a temporary injunction enjoining appellants from preventing appellee Jordan Reynolds from participating in high school track and field competition. Reynolds was declared ineligible for extracurricular activities un-

der Tex.Educ.Code Ann. sec. 21.920 (Vernon 1987), the "no-pass, no-play" statute, because he failed a course during the six-week period ending March 6, 1987. The injunction was ordered April 15, 1987, on the grounds that: 1) Jordan Reynolds did not receive notice of his failing grade halfway through the grading period, which violated 19 Tex.Admin.Code sec. 97.113(1); and 2) under the facts of this particular case, track was a "cocurricular," not an "extracurricular," activity, as defined in 19 Tex.Admin.Code sec. 97.113(m), and thus was not covered by the "no-pass, no-play" provisions of section 21.920.

Reynolds was therefore allowed to compete and won a second-place medal in the University Interscholastic League state track championship. He graduated from high school in June 1987 and began college that fall on an athletic scholarship.

Reynolds argues that the case is moot because he has graduated and the temporary injunction has expired.[1] Appellants argue that we should not dismiss the case because: the issues involved are "capable of repetition, yet evading review"; because the "collateral consequences" exception to the mootness doctrine is applicable here; and because a real controversy still exists, insofar as Reynolds' second place medal, and those given to lower ranking competitors, will be reallocated to other contestants if we set aside the temporary injunction.

Courts should generally avoid rendering advisory opinions in cases where no actual controversy exists at the time of the hearing. *Sims v. University Interscholastic League*, 111 S.W.2d 814 (Tex.Civ.App.— Beaumont 1937), *rev'd*, 133 Tex. 605, 131 S.W.2d 94 (1939). Thus, in *University Interscholastic League v. Jones*, 715 S.W.2d 759 (Tex.App.—Dallas 1986, no writ), the court held that review of a football player's injunction was mooted by graduation.

For us to affirm the judgment would require us to order that Greg Jones be

---

**1.** Appellees assert that both sides still seek attorney's fees in the trial court. Thus, only the issues surrounding the granting of the *tempo-* *rary* injunction are claimed to be moot. We rule on no other issues in this opinion.

allowed to play football for Highland Park in 1985. Greg Jones has already done so. Likewise, for us to order a reversal would require us to order that Jones be prohibited from playing football for Highland Park in 1985. The absurdity of such an order is apparent.

*Id.* at 761.

We are faced with such a situation here. Insofar as appellants seek to prevent Jordan Reynolds from participating in high school track and field, this can no longer be done. He has already participated and is no longer a high school student. Our decision would be merely advisory, and we have no authority to render advisory opinions.

Appellants argue that we should not dismiss the case as moot because the longest suspension available under section 21.920 is six weeks, and therefore, such cases will inevitably escape appellate review. They argue that two exceptions to the mootness doctrine, the "capable of repetition, yet evading review" exception, and the "collateral consequences" exception, should be applied here.

The "capable of repetition yet evading review" exception is applied where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot. Appellants cite no Texas decisions applying this exception in a similar situation. The doctrine has been utilized to challenge unconstitutional mental commitments after the complaining party has been released, *see, e.g.*, *State v. Lodge*, 608 S.W.2d 910 (Tex.1980); *Ex parte Ullmann*, 616 S.W.2d 278 (Tex. App.—San Antonio 1981, writ dism'd); unconstitutional adjudications of juvenile delinquency, *Carrillo v. State*, 480 S.W.2d 612 (Tex.1972); and unconstitutional prior restraints on speech. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 209 (Tex.1981). In each case, the doctrine was used to preserve appellate review of government conduct that violated constitutional rights. *See also Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546–47, 96 S.Ct. 2791, 2796–97, 49 L.Ed.2d 683 (1976);

*Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

Appellants argue that this case meets the test for application of the capable of repetition, yet evading review exception, as outlined by the United States Supreme Court:

(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and 2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

*Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975).

The challenged action here is the enjoining of allegedly valid sanctions under section 21.920, and the complainant is the Texas Education Agency. It contends that other students will attack section 21.920 in the future. Appellee, however, did not attack section 21.920. He challenged the Spring Branch school district's interpretation of, and compliance with, the TEA's administrative rules implementing section 21.920. If similar injunctions are wrongfully granted in the future, then TEA, the agency with the expertise to properly interpret section 21.920, will have the opportunity to amend 19 Tex.Admin.Code section 97.113, in order to avoid misinterpretation by judges. This is a unique case because the government agency that seeks relief on appeal has the power to avoid both repetition and the need for review by changing the very rules that underlie the controversy, the rules that it claims have been misinterpreted. An advisory opinion from this Court is not necessary to protect the government from abuse. It is well positioned to protect itself.

Appellants further contend that a collateral consequence keeps the case alive because Jordan Reynolds received a medal for which he was ineligible to compete, and but for his participation, someone else would have received that medal. We have found no Texas cases in which the collateral consequences exception has been applied on behalf of the government or on behalf of a known person who has not chosen to bring suit.

The "collateral consequences" recognized by our courts have been severely prejudicial events whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate. Such effects were not absolved by mere dismissal of the cause as moot. *State v. Lodge*, at 912. Appellants have suffered no such treatment. The consequences of not receiving a track medal are trivial compared with the consequences of being wrongfully convicted of a crime, wrongfully declared a juvenile delinquent, or wrongfully committed to a mental institution. The concepts of collateral consequences and capable of repetition, yet evading review are discretionary exceptions to the mootness doctrine, which, in our opinion, are ill-suited for application to this controversy.

The motion to dismiss for mootness is granted and the temporary injunction is vacated.