The GENERAL LAND OFFICE OF the
STATE of TEXAS and its Commission-
er, Garry Mauro, Appellants,

v.

OXY U.S.A., INC., f/k/a Cities Service
Oil & Gas Corp., f/k/a Oxy
Petroleum, Inc., Appellee.

No. C–9289.

Supreme Court of Texas.

May 16, 1990.

Jose Manuel Rangel, Austin, for appellants.

Robert D. Jenkins, Kent E. Westmoreland, Houston, Edward D. Burback, Austin, for appellee.

## OPINION

HIGHTOWER, Justice.

The question which this court must decide is whether this direct appeal should be dismissed because the controversy upon which the appeal is based has been rendered moot. We hold that it is, and grant OXY U.S.A., Inc.'s (OXY) motion to dismiss the cause.

This dispute began when OXY filed suit seeking to enjoin the General Land Office (GLO) from conducting hearings regarding OXY's rights under certain oil and gas leases. The trial court found that the GLO's statutory right to adjudicate lease obligations pursuant to sections 52.135(b), (c) and (d) through and including section 52.140 of the Texas Natural Resources Code violated article II, section 1 and article V, section 1 of the Texas Constitution. Accordingly, pending appeal, the trial court enjoined GLO's administrative proceedings as they concerned OXY.

Pursuant to Rule 140(b) of the Texas Rules of Appellate Procedure, the GLO filed a notice of accelerated direct appeal to this court. Shortly after the GLO filed the direct appeal, OXY filed a motion requesting that the underlying cause be dismissed without prejudice. Finding that the GLO had sought no affirmative relief that would defeat this motion, the trial court dismissed the cause.

This court has reiterated that, under article V, section 8 of the Texas Constitution, the "judicial power does not embrace the giving of advisory opinions." *Fireman's Ins. Co. v. Burch*, 442 S.W.2d 331, 333 (Tex.1968). "It is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties." *Camerena v. Texas Employment Comm'n.*, 754 S.W.2d 149, 151 (Tex.1988). Accordingly, if no controversy continues to exist between the GLO and OXY, the appeal is moot and this court must dismiss the cause. *See City of Garland v. Louton*, 691 S.W.2d 603, 604–605 (Tex.1985).

OXY contends that the trial court's dismissal rendered the appeal moot. Pursuant to Rule 162 of the Texas Rules of Civil Procedure, and the holdings of this court, "a plaintiff has an absolute, unqualified right to take a non-suit upon timely motion as long as defendant has not made a claim for affirmative relief." *Greenberg v. Brookshire*, 640 S.W.2d 870, 871 (Tex. 1982) (quoting *McQuillen v. Hughes*, 626 S.W.2d 495, 496 (Tex.1981)).

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.

*Weaver v. Jock*, 717 S.W.2d 654, 657 (Tex. App.—Waco 1986, writ ref'd n.r.e.) (citing *Newman Oil Co. v. Alkek*, 614 S.W.2d 653, 655 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.)). If a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit. *Alkek*, 614 S.W.2d at 655. (citations omitted).

Without citing to any authority, the GLO contends that seeking a final ruling on the constitutionality of the statutes in question constitutes affirmative relief under Rule 162 of the Texas Rules of Civil Procedure. However, seeking an advisory opinion on the constitutionality of the statutes in question does not constitute affirmative relief under Rule 162. *See Weaver v. Jock*, 717 S.W.2d at 657; *Greenberg v. Brookshire*, 640 S.W.2d at 872; *Newman Oil Co. v. Alkek*, 614 S.W.2d at 655. Since GLO did not file a claim for affirmative

relief, but merely resisted OXY's actions, the trial court was correct in granting the nonsuit.

■ The "fact that a temporary injunction has been issued does not prevent the plaintiff from taking a non-suit." *Chicago, Rock Island & Pacific R.R. Co. v. Southern Pacific Co.*, 458 S.W.2d 234, 235 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n.r.e.). When a temporary injunction is granted and appeal is perfected therefrom, the trial court loses jurisdiction over its temporary injunction, but not of the underlying case which remains pending. *International Ass'n of Machinists v. Federated Ass'n of Accessory Workers*, 133 Tex. 624, 625, 130 S.W.2d 282, 283 (Tex.Comm'n App.1939, opinion adopted). In this case, the trial court had jurisdiction over the underlying case and correctly granted the nonsuit, irrespective of the fact that an appeal had been perfected. As a consequence of the trial court's granting the nonsuit, the temporary injunction ceased to exist and the appeal became moot. *Federated Ass'n*, 130 S.W.2d at 283. The GLO's contention that the appeal is not moot because the trial court did not sign a separate order specifically dissolving the temporary injunction is without merit. It was not necessary for the trial court to enter such a separate order because when the underlying action was dismissed, the temporary injunction dissolved automatically. *See generally Homeright Co. v. Exchange Warehouses, Inc.*, 526 S.W.2d 241 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.).

Recognizing that the actions of the trial court render the appeal moot, we must now determine if any of the exceptions to the mootness doctrine apply so as to confer upon this court jurisdiction to decide the merits of this case.

■ This court has recognized two exceptions to the mootness doctrine: (1) the capability of repetition yet evading review exception; and, (2) the collateral consequences exception. *State v. Lodge*, 608 S.W.2d 910, 912 (Tex.1980). "The 'capable of repetition yet evading review' exception is applied where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot." *Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 18 (Tex.App.—Houston [1st Dist.] 1988, no writ). The 'collateral consequences' exception has been applied when Texas courts have recognized that prejudicial events have occurred "whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate. Such effects were not absolved by mere dismissal of the cause as moot." *Id.* at 19.

The GLO contends that both exceptions apply in this case. It argues that the "capable of repetition yet evading review" exception applies because the temporary order was too short in its duration to be fully litigated by the GLO. Also, the GLO argues that there is reason to expect that it will be subjected to the same action in the future because OXY did not concede that the statutes in question were constitutional.

■ The "capable of repetition yet evading review" exception has only been used to challenge unconstitutional acts performed by the government.[1] This exception was not created to preserve the right to appeal on behalf of the government when the complaining party abandons its claim for relief. Even if this exception could be applied in such a manner, the GLO has not met the requirements of the exception. The GLO's contention that the temporary injunction was of such short duration that it evaded review fails to recognize that two cases are pending in which the same issues are presented: *The General Land Office v. Rutherford Oil Corp., et al*, No. 3–90–037–CV (Tex.App.—Austin

1. *See generally, State v. Lodge*, 608 S.W.2d 910 (Tex.1980) (challenging unconstitutional mental commitment); *Ex Parte Ullman*, 616 S.W.2d 278 (Tex.App.—San Antonio 1981, writ dism'd) (challenging unconstitutional mental commitment); *Carillo v. State*, 480 S.W.2d 612 (Tex. 1972) (challenging method of adjudicating juvenile delinquents); *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202 (Tex. 1981) (challenging prior restraints on free speech).

1990); *The General Land Office v. Flag–Redfern Oil Co.*, No. 3–89–258–CV (Tex. App.—Austin 1990).

◼ The GLO asserts that the "collateral consequences" exception is applicable because of both the public interest in resolving this important question of administrative law, and the ruling's effect upon the numerous administrative hearings which are pending.

This is not the type of case which was envisioned when this exception was created. There are "no Texas cases in which the collateral consequences exception has been applied on behalf of the government, or on behalf of a known person who has not chosen to bring suit." *Spring Branch*, 764 S.W.2d at 18. Even if the "collateral consequences" exception could be applied in such a manner, the fact that an important question of administrative law is involved, the resolution of which would aid the agency, is not sufficient impetus for this court to render an advisory opinion. *Texas Parks & Wildlife Dept. v. Texas Assoc. of Bass Clubs*, 622 S.W.2d 594, 596 (Tex.App.—Austin 1981, writ ref'd n.r.e.).

Although we appreciate the GLO's desire to have a definite answer from this court on the substantive issues presented, for the reasons stated herein, without reaching the substantive issues, we hold that the controversy is moot, and dismiss the cause.