**In re Sharon Lee (Moore) COOPER, Relator.**

No. 07–00–0047–CV.

Court of Appeals of Texas, Amarillo.

Dec. 20, 2000.

William L. Rivers, Amarillo, for appellant.

Nancy J. Stone, Amarillo, Richard R. Gore (Asst. Dist. Atty.), Canyon, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

Appellant Sharon Lee (Moore) Cooper appeals from the trial court's order denying issuance of a writ of mandamus directing the District Clerk of Randall County to issue a judicial wage withholding order to the employer of appellee Sammy Wayne Moore.[1] By three issues, she contends the trial court erred by 1) failing to file findings of fact and conclusions of law, 2) failing to issue a writ of mandamus to the District Clerk of Randall County compelling the issuance of a judicial writ of withholding to Sammy's employer, and 3) staying the issuance of the writ of withholding without jurisdiction to do so. Based upon the rationale expressed herein, we dismiss the appeal.

According to her notice of appeal, Sharon brings this appeal from an order of the trial court signed October 29, 1999. Among other things, the order reflects that no evidence was received, except the order does recite that pursuant to Sammy's request, the trial court took judicial notice of the entire "Court's file." Because a reporter's record is not presented, our historical fact analysis will be based upon the appellate briefs and the clerk's record.

By order of February 26, 1997, Sharon and Sammy were appointed joint managing conservators of Stephanie Leigh Moore, born May 16, 1981, and Jessica Ashlee Moore, born April 18, 1984, and the children resided with Sharon. Sammy was ordered to pay child support for the two children pursuant to the applicable guidelines, which he timely paid through May 1998. In April 1998, without objection

---

1. In the underlying mandamus proceeding Sharon was the relator and Sammy was the   real party in interest.

from Sharon, Stephanie commenced residing with Sammy, who paid all her actual support in addition to all her uninsured medical expenses and Jessica remained domiciled with Sharon.

Then, on December 2, 1998, Sharon filed her Motion for Enforcement of Child Support and Order to Appear and sought to have Sammy held in contempt for failing to pay child support for the two children beginning May 15, 1998. In response, Sammy pled offset and filed a petition to modify support. Although an order was not signed, the docket sheet shows that the trial court held a hearing on Sharon's motion on December 17, 1998. The docket sheet also shows that Sharon's motion for contempt was denied because Sammy had paid $3,584.56 and incurred another $9,916.09 for Stephanie's medical bills, and that the questions of arrearage and the motion to modify were taken under advisement. After amended pleadings and motions were filed by both parties, the trial court signed a pre-trial scheduling order on March 24, 1999, and set the matter for a non-jury trial on April 29, 1999. As directed by the pre-trial order, on April 26, 1999, both parties filed status reports, which among other things, provided a description of the relief sought. Apparently a hearing was not held, but according to the docket sheet, on May 11, 1999, all parties appeared with counsel and after certain announcements were made, the trial court took the questions of past and future child support under advisement.

Even though Sharon's status report showed that the amount of reimbursement/offset to be allowed Sammy was disputed and that the court had taken the questions of past and future child support under advisement, without amending her status report and without leave of the court, she filed a Notice of Application for Judicial Writ of Withholding pursuant to section 158.301 of the Texas Family Code Annotated (Vernon Supp.2001), and issued by the clerk on August 4, 1999. According to the notice, Sharon sought withholding of future support obligations and arrearage for both children in the total amount of $12,173.96. By his motion to stay issuance and delivery of judicial writ of withholding filed on August 11, 1999, as authorized by sections 158.307 and 158.308, among other things, Sammy alleged that (1) the relevant issues and questions had already been submitted to the court and were taken under advisement; (2) he had full-time possession of one child for periods that Sharon sought enforcement and that Sammy was entitled to offset in the amount of $13,737.64 for the daughter's medical expenses. However, Sharon did not reply or respond to Sammy's motion asserting that the motion was groundless under section 158.307(b) or otherwise. Notwithstanding the rule that when a motion to stay is filed the clerk shall not deliver a judicial writ of withholding to any employer before a hearing is held, *see* section 158.308, on September 13, 1999, Sharon requested that the clerk issue the writ contending that issuance was mandatory because a hearing had not been held on Sammy's motion to stay within 30 days pursuant to section 158.309.

When the district clerk refused to issue the writ to the employer, Sharon filed her petition requesting that the trial court issue its writ of mandamus to compel the district clerk to issue the judicial writ of withholding. After Sammy filed his response, the trial court heard the petition for writ of mandamus on October 25, 1999, and signed its order denying the petition for writ of mandamus and *sua sponte* granting a stay of the issuance and delivery of a judicial writ of withholding on October 29, 1999.[2]

Following a hearing on December 21, 1999, the trial judge signed an order on

---

**2.** This order did not include any determinations of the matters that the trial court took *under advisement on May 11, 1999.*

February 9, 2000 which, as relevant here, provided that:

> 11. Sammy Wayne Moore is entitled to a credit against his child support obligation in the amount of $6668.11 representing one-half (½) of the medical bills paid by him for the benefit of STEPHANIE LEIGH MOORE and owing by SHARON L. COOPER.
>
> IT IS ORDERED that the accrued and unpaid child support owing by Sammy Wayne Moore in the amount of $12,556.80 be subject to offset or credit of $13,577.11.

### Relief Requested

All relief requested and not expressly granted is denied.

■ Sharon does not present any error as to the order signed February 9, 2000. Before we consider her three issues, we first consider Sammy's contention that Sharon does not have standing and that this Court lacks jurisdiction because the issuance of mandamus is moot. By her brief, Sharon requests that we order that a writ of mandamus issue and the district clerk be ordered to issue the judicial writ of withholding to be effective August 2, 1999, but before the order of February 9, 2000, granting Sammy an offset or credit in excess of the past support owing.

■ Our Supreme Court has repeatedly held that under the Texas Constitution, the judicial power does not embrace the giving of advisory opinions. Firemen's Ins. Co. of Newark, New Jersey v. Burch, 442 S.W.2d 331, 333 (Tex.1968). Also, regarding the doctrine of mootness, in Camarena v. Texas Employment Com'n, 754 S.W.2d 149, 151 (Tex.1988), the Court held that it is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties and that a case is generally held to be moot "when the issues presented are no longer 'live' or the parties lack legally a cognizable interest in the outcome." By Sharon's notice of appeal and brief, the only issue presented is the issuance of a writ of mandamus to direct the trial court to order the clerk to issue the judicial writ of withholding for child support effective August 2, 1999, based upon the order of February 26, 1997. However, the amounts owing and the credits or offsets were ultimately resolved by the order of February 9, 2000, which Sharon does not attack or seek to set aside. Because the trial court found that Sammy was entitled to a credit in excess of the amount owed as of August 2, 1999, by its order signed February 9, 2000, the issue of issuance of mandamus is now moot. Because the appeal is moot, the appeal must be dismissed. Spring Branch I.S.D. v. Reynolds, 764 S.W.2d 16, 19 (Tex. App.—Houston [1st Dist.] 1988, no writ).

Accordingly, the appeal is dismissed. However, the dismissal is without prejudice to Sharon's rights to compel support payments if not paid according to the order of February 9, 2000.

