TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00425-CV







In the Matter of J. P. D.







FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY

NO. 191,823-C, HONORABLE EDWARD JOHNSON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant J.P.D., a juvenile, appeals the juvenile court's disposition order, placing
him on probation for one year in the custody of his parents and as a condition of probation ordering
him to voluntarily commit himself to a juvenile facility in Killeen. Because J.P.D. has completed
his thirty-day confinement--the only condition of his probation that he complains about on
appeal--his issue has become moot. We will therefore dismiss his appeal as moot.


BACKGROUND


 J.P.D. pleaded true to the offense of criminal mischief resulting in damage of at least
$1,500 but less than $20,000. (1) There was no plea agreement between the State and J.P.D. During
the disposition hearing, the juvenile court considered J.P.D.'s social history and testimony from his
mother. In sum, the juvenile court heard that J.P.D. had never been in trouble before, was a good
student, had no history of alcohol or drug problems, was an only child of two supportive parents, and
had complied with temporary pre-court monitoring conditions. At the conclusion of the hearing, the
juvenile court placed J.P.D. on one-year probation "in the custody of his parents" and as a condition
of probation, ordered J.P.D. to voluntarily commit himself "at CSC Long Term, Killeen, TX for 30
days." The juvenile court made no findings that J.P.D. could not be provided the quality of care and
level of support and supervision necessary to meet the conditions of probation in his home. See
Tex. Fam. Code Ann. § 54.04(c) (West 2002). On appeal, J.P.D. does not challenge the court's
adjudication judgment. He challenges only the condition of probation that requires him to commit
himself to the CSC facility. He, however, has already completed his 30 days at the facility.


DISCUSSION


 Because J.P.D. concedes in his appellate brief that he has already completed his 30-day confinement in the juvenile facility, we must first address whether his issue on appeal is now
moot. In general, a case becomes moot "when the issues presented are no longer 'live' or the parties
lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982)
(quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980); Powell v.
McCormack, 395 U.S. 486, 496 (1969)) (internal quotations omitted). Under this general rule, it is
evident that once J.P.D. completed his 30-day commitment in the juvenile facility, his claim that the
juvenile court erred in imposing such a condition to his probation was moot. The issue is no longer
live because there is no decision that this Court could render regarding the juvenile court's decision
that would have any effect. Id. at 481-82; Bennet v. State, 818 S.W.2d 199, 200 (Tex.
App.--Houston [14th Dist.] 1991, no pet.).

 J.P.D. maintains that his issue falls within the two exceptions to the mootness
doctrine: (1) capable of repetition yet evading review and (2) collateral consequences. General Land
Office v. Oxy U.S.A., Inc., 789 S.W.2d 569, 571 (Tex. 1990). The "capable of repetition yet evading
review" exception applies when "(1) the challenged action was in its duration too short to be fully
litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same
complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S.
147, 149 (1975). In other words, to satisfy the Weinstein test, J.P.D. would have to show that there
is a reasonable expectation or a demonstrated probability that the same controversy will recur
involving the same parties. Murphy, 455 U.S. at 482. A mere theoretical possibility is not sufficient
to satisfy the test. Id. Although J.P.D. argues that his 30-day confinement was such a short duration
that it could not be fully litigated prior to its expiration, on this record, J.P.D. has not demonstrated
that there is a reasonable expectation that he would be subjected to the same action again. Indeed,
it appears from the record that J.P.D. is now seventeen years old. While it is possible that J.P.D.
might have to appear before the juvenile court again before his eighteenth birthday, he has not shown
that this possibility rises to the level of a reasonable expectation or a demonstrated probability. He
thus has failed to prove that he falls within the "capable of repetition yet evading review" exception
to the mootness doctrine.

 The collateral consequences exception pertains to severely prejudicial events, the
effects of which continue to stigmatize helpless or hated individuals long after the unconstitutional
judgment has ceased to operate. State v. Lodge, 608 S.W.2d 910, 912 (Tex. 1980); Spring Branch
I.S.D. v. Reynolds, 764 S.W.2d 16, 19 (Tex. App.--Houston [1st Dist.] 1988, no writ). J.P.D. cites
Carrillo v. State, 480 S.W.2d 612 (Tex. 1972), for support in arguing that his appeal falls within the
collateral consequences exception to the mootness doctrine. In Carrillo, the juvenile had served his
sentence and was discharged from probation while his case was on appeal. The supreme court held
that Carrillo's case was nevertheless not moot because "a minor should have the right to clear
himself by appeal" and this right should not disappear when the sentence given is so short that it
expires before the appellate process is completed. Id. at 617. The court further noted that
adjudications carry "deleterious collateral effects and legal consequences in addition to any stigma
attached to being adjudged a juvenile delinquent." Id. The court, therefore, concluded that Carrillo's
appeal fell within the collateral consequences exception to the mootness doctrine. Id.

 A significant distinction between Carrillo and this case is that J.P.D. has not appealed
his adjudication. Indeed, he pleaded true to the allegations against him. Thus, any collateral
consequences associated with his adjudication would not be affected were we to conclude that the
juvenile court erred in assessing punishment. Moreover, we cannot say that J.P.D.'s sentence carries
collateral consequences that are any different or more deleterious than those flowing from his
adjudication as a delinquent. Thus, we conclude that J.P.D.'s appeal of the disposition order does
not fall within the collateral consequences exception to the mootness doctrine.

 Ordinarily, when a case becomes moot, the appellate court must dismiss the cause,
not just the appeal. City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985). In this appeal,
however, we are not presented with the issue of whether the entire cause is moot. Rather, we
conclude that the single issue presented by the appellant is moot. Therefore, we dismiss this appeal
as moot.


CONCLUSION


 Having concluded that J.P.D.'s appeal of the juvenile court's disposition order is
moot because he has completed his 30-day confinement and the appeal does not fall under either of
the two exceptions to the mootness doctrine, we dismiss this appeal as moot.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed as Moot

Filed: April 24, 2003

1. J.P.D. confessed to scratching into the paint of his high school principal's car a racial
epithet and the letters "KKK" as well as damaging the principal's mailbox.