# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-02-00425-CV

---

**In the Matter of J. P. D.**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
### NO. 191,823-C, HONORABLE EDWARD JOHNSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant J.P.D., a juvenile, appeals the juvenile court=s disposition order, placing him on probation for one year in the custody of his parents and as a condition of probation ordering him to voluntarily commit himself to a juvenile facility in Killeen.  Because J.P.D. has completed his thirty-day confinementCthe only condition of his probation that he complains about on appealChis issue has become moot.  We will therefore dismiss his appeal as moot.

## BACKGROUND

J.P.D. pleaded true to the offense of criminal mischief resulting in damage of at least $1,500 but less than $20,000.[1] There was no plea agreement between the State and J.P.D. During the disposition hearing, the juvenile court considered J.P.D.=s social history and testimony from his mother. In sum, the juvenile court heard that J.P.D. had never been in trouble before, was a good student, had no history of alcohol or drug problems, was an only child of two supportive parents, and had complied with temporary pre-court monitoring conditions. At the conclusion of the hearing, the juvenile court placed J.P.D. on one-year probation Ain the custody of his parents@ and as a condition of probation, ordered J.P.D. to voluntarily commit himself Aat CSC Long Term, Killeen, TX for 30 days.@ The juvenile court made no findings that J.P.D. could not be provided the quality of care and level of support and supervision necessary to meet the conditions of probation in his home. *See* Tex. Fam. Code Ann. ' 54.04(c) (West 2002). On appeal, J.P.D. does not challenge the court=s adjudication judgment. He challenges only the condition of probation that requires him to commit himself to the CSC facility. He, however, has already completed his 30 days at the facility.

## DISCUSSION

Because J.P.D. concedes in his appellate brief that he has already completed his 30-day confinement in the juvenile facility, we must first address whether his issue on appeal is now moot. In general, a case becomes moot Awhen the issues presented are no longer >live= or the parties lack a legally

---

[1] J.P.D. confessed to scratching into the paint of his high school principal=s car a racial epithet and the letters AKKK@ as well as damaging the principal=s mailbox.

cognizable interest in the outcome.@ *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (quoting *United States Parole Comm=n v. Geraghty*, 445 U.S. 388, 396 (1980); *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotations omitted). Under this general rule, it is evident that once J.P.D. completed his 30-day commitment in the juvenile facility, his claim that the juvenile court erred in imposing such a condition to his probation was moot. The issue is no longer live because there is no decision that this Court could render regarding the juvenile court=s decision that would have any effect. *Id.* at 481-82; *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.CHouston [14th Dist.] 1991, no pet.).

J.P.D. maintains that his issue falls within the two exceptions to the mootness doctrine: (1) capable of repetition yet evading review and (2) collateral consequences. *General Land Office v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). The Acapable of repetition yet evading review@ exception applies when A(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.@ *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). In other words, to satisfy the *Weinstein* test, J.P.D. would have to show that there is a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same parties. *Murphy*, 455 U.S. at 482. A mere theoretical possibility is not sufficient to satisfy the test. *Id.* Although J.P.D. argues that his 30-day confinement was such a short duration that it could not be fully litigated prior to its expiration, on this record, J.P.D. has not demonstrated that there is a reasonable expectation that he would be subjected to the same action again. Indeed, it appears from the record that J.P.D. is now seventeen years old. While it is possible that J.P.D. might have to appear before the juvenile court again before his

**3**

eighteenth birthday, he has not shown that this possibility rises to the level of a reasonable expectation or a demonstrated probability. He thus has failed to prove that he falls within the Acapable of repetition yet evading review@ exception to the mootness doctrine.

The collateral consequences exception pertains to severely prejudicial events, the effects of which continue to stigmatize helpless or hated individuals long after the unconstitutional judgment has ceased to operate. *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980); *Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 19 (Tex. App.CHouston [1st Dist.] 1988, no writ). J.P.D. cites *Carrillo v. State*, 480 S.W.2d 612 (Tex. 1972), for support in arguing that his appeal falls within the collateral consequences exception to the mootness doctrine. In *Carrillo*, the juvenile had served his sentence and was discharged from probation while his case was on appeal. The supreme court held that Carrillo=s case was nevertheless not moot because Aa minor should have the right to clear himself by appeal@ and this right should not disappear when the sentence given is so short that it expires before the appellate process is completed. *Id.* at 617. The court further noted that adjudications carry Adeleterious collateral effects and legal consequences in addition to any stigma attached to being adjudged a juvenile delinquent.@ *Id.* The court, therefore, concluded that Carrillo=s appeal fell within the collateral consequences exception to the mootness doctrine. *Id.*

A significant distinction between *Carrillo* and this case is that J.P.D. has not appealed his adjudication. Indeed, he pleaded true to the allegations against him. Thus, any collateral consequences associated with his adjudication would not be affected were we to conclude that the juvenile court erred in assessing punishment. Moreover, we cannot say that J.P.D.=s sentence carries collateral consequences that

**4**

are any different or more deleterious than those flowing from his adjudication as a delinquent. Thus, we conclude that J.P.D.=s appeal of the disposition order does not fall within the collateral consequences exception to the mootness doctrine.

Ordinarily, when a case becomes moot, the appellate court must dismiss the cause, not just the appeal. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985). In this appeal, however, we are not presented with the issue of whether the entire cause is moot. Rather, we conclude that the single issue presented by the appellant is moot. Therefore, we dismiss this appeal as moot.

**CONCLUSION**

Having concluded that J.P.D.=s appeal of the juvenile court=s disposition order is moot because he has completed his 30-day confinement and the appeal does not fall under either of the two exceptions to the mootness doctrine, we dismiss this appeal as moot.

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed as Moot

Filed: April 24, 2003

5