# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00456-CV

**Stacey W. Brackens, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY,
### NO. 06-1455-FC2, HONORABLE TIMOTHY L. WRIGHT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stacey W. Brackens seeks to appeal *pro se* from the county court at law's order requiring him to complete an anger management class and family counseling program.[1] *See* Tex. Fam. Code Ann. § 264.203(a) (West Supp. 2006) (stating that court may order any member of abused or neglected child's household to participate in services offered by Department of Family and Protective Services and to permit child and its siblings to receive such services). Appellee Texas Department of Family and Protective Services has filed a motion to dismiss Brackens's appeal as moot.

The Department began an investigation after receiving a report alleging the physical abuse of S. B., a child in the Brackens household. The family code authorizes the Department to

---

[1] Although the order also applied to other family members, only Stacey W. Brackens filed a notice of appeal.

provide abused or neglected children with services that are designed to prevent further abuse, alleviate effects of past abuse, and prevent their removal from the home. *See id.* § 264.201(a) (West 2002). The Department may obtain a court order requiring participation in its services. *See id.* § 264.203(a). Disobedience of that order may result in sanctions to protect the child's health and safety, including temporary removal of the child from the home. *See id.* § 264.203(c) (West Supp. 2006).

The parties agree that Brackens and his family moved from Williamson County, and that, at the Department's request, the court signed an order to dismiss the underlying proceeding on October 12, 2006. After that dismissal, the order requiring Brackens to complete an anger management class and family counseling ceased to exist, and this appeal became moot. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990) (recognizing that temporary injunction ceased to exist and appeal became moot when court granted claimant's nonsuit of underlying case). Brackens states that he "strongly disagrees" with the motion to dismiss his appeal as moot, but he does not urge any exceptions to mootness. *See id.* Because we lack jurisdiction to dispose of Brackens's purported appeal in any manner other than dismissal for want of jurisdiction, we dismiss the appeal. *See* Tex. R. App. P. 42.3(a).

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: February 13, 2007