# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00097-CV

**Appellants, Glenn Hegar, Comptroller of Public Accounts of the
State of Texas; and Ken Paxton, Attorney General of the State
of Texas// Cross-Appellant, Anatole Partners III, LLC**

**v.**

**Appellee, Anatole Partners III, LLC// Cross-Appellees,
Glenn Hegar, Comptroller of Public Accounts of the State of Texas;
and Ken Paxton, Attorney General of the State of Texas**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-15-001398, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee and cross-appellant Anatole Partners III, LLC has filed an opposed motion to dismiss the appeal, arguing that this Court lacks subject-matter jurisdiction over the appeal because it is moot. Although the State opposed the motion, it did not file a response. We will grant the motion and dismiss the cause for the reasons stated below.

Both sides appealed from the trial court's judgment in this tax case concerning the issues of the sale-for-resale exemption for amenities placed in hotel guest rooms and the "deemed sale" of those amenities to hotel guests. The State conducted an audit of Anatole's sales and use tax paid on various categories of items covering the period of June 1, 2007 through August 31, 2010. The State's auditor originally granted Anatole a sales-tax refund of $35,049.71 on the basis that its

purchases of the amenities qualified for the sale-for-resale exemption, relying on this Court's decision in *DWTC v. Combs*, 400 S.W.3d 149 (Tex. App.—Austin 2013, no pet.). The State then amended its audit to include an assessment of sales tax based on Anatole's "deemed sale" of the amenities to hotel guests. The assessed amount is $32,792.75, resulting in a net refund of sales tax to Anatole of $2,256.95. After an administrative hearing, the administrative-law judge ruled in the State's favor on this issue, and the Comptroller issued a decision adopting the administrative-law judge's proposal for decision.

Anatole sued in district court to challenge, among other issues, the assessment on the "deemed sale." The State counterclaimed, seeking to recover Anatole's refund (in the net amount of $2,256.95) related to the purchase of the amenities, arguing that *DTWC* was incorrectly decided by this Court. The State asserted that if it prevailed on its argument that Anatole may not purchase the amenities tax free under the sale-for-resale exemption, then no sales tax was due on the deemed sale of the amenities to hotel guests. In relevant part, the trial court's judgment in the amount of $4,664.12 upheld the assessment on the "deemed sale" of the amenities and denied the State's counterclaim.

The State appealed, and in its appellants' brief, it seeks to have this Court "reverse its ruling in *DTWC* that hotels resell amenities, reverse that portion of the Final Judgment that denied the State's counterclaim, and render judgment for the Comptroller in the amount of $2,256.95, which will offset a portion of the $4,664.12 judgment properly granted to Anatole for the tax paid on the purchase of health club amenities." Anatole has now moved to dismiss the State's appeal for want of jurisdiction, stating that "Anatole concedes the $2,256.95 offset requested by the State in its

brief," which Anatole asserts renders the State's appeal moot. Anatole argues that because it concedes the full amount requested by the State in its appeal, this Court can no longer grant effectual relief to either party with respect to the issue raised in the State's appeal, and therefore, this case no longer presents a live controversy.

The only issue presented by the State in its appeal is whether this Court should "reverse its decision in *DTWC* that hotels 'resell' amenities to their guests," arguing that in the *DTWC* litigation, the parties did not adequately present the essence-of-the-transaction doctrine to the Court and thus the Court did not discuss or apply the doctrine. The Comptroller asserts that reversal of *DTWC* would mean that we should reverse that portion of the trial court's final judgment denying the State's counterclaim and render judgment for the Comptroller in the amount of $2,256.95. We agree with Anatole that the State's appeal has been rendered moot by Anatole's conceding the $2,256.95, which reduces the amount of the trial court's judgment in its favor to $2,407.17, and by Anatole's stating it will not pursue its cross appeal. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570-72 (Tex. 1990) (holding that no controversy existed between agency and corporation after corporation requested dismissal of underlying case, when agency sought no affirmative relief but instead sought only an advisory opinion on constitutionality of statutes). We hold that no live controversy exists, and therefore, the case is moot. *See id.* at 272.

We grant the motion and dismiss the State's appeal. *See* Tex. R. App. P. 42.3. We also consider Anatole's motion to incorporate a motion to dismiss its own cross appeal, and we grant that motion and dismiss Anatole's cross appeal. *See id.* R. 42.1(a)(1).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Field, and Bourland

Dismissed for Want of Jurisdiction

Filed:   July 31, 2017

4