**Dismissed and Opinion Filed December 6, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01332-CV

### IN RE SUSAN HARRIMAN, Relator

**Original Proceeding from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-11994**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Boatright
Opinion by Justice Bridges

Before the Court are relator's petition for writ of mandamus and relator's "Motion to Vacate Trial Court Temporary Injunction Order, Implement Settlement Agreement and Dismiss." In this original proceeding, relator complains of the trial court's April 13, 2018 Agreed Temporary Injunction. The parties have now settled the underlying dispute, and the trial court has signed an "Order of Non-Suit with Prejudice" and dismissed all claims at issue in this original proceeding. In her motion, relator requests that this Court vacate the April 13, 2018 Agreed Temporary Injunction and order the parties to bear their own costs. Real parties in interest Julio Palmaz, M.D. and Steven Solomon filed a response to the motion. They oppose the relief requested by relator and maintain that the non-suit and dismissal order rendered this proceeding moot and, therefore, must be dismissed.

When a trial court dismisses an action pursuant to a notice of non-suit, a temporary order rendered during the pendency of the cause automatically dissolves by operation of law without

further order of the trial court and renders appellate proceedings related to the order moot. *Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990) (when trial court dismisses lawsuit, temporary injunction is automatically dissolved); *Goodman v. Hill*, No. 05-13-01313-CV, 2014 WL 1576969, at *1 (Tex. App.—Dallas Apr. 21, 2014, no pet.) ("The trial court's dismissal of the underlying action automatically dissolved the temporary injunction, rendering the issues in this appeal moot.").

Here, the trial court's dismissal automatically dissolved the April 13, 2018 Agreed Temporary Injunction of which relator complains. This controversy is, therefore, moot and must be dismissed. *See Gen. Land. Office*, 789 S.W.2d at 572. Accordingly, we deny relator's "Motion to Vacate Trial Court Temporary Injunction Order, Implement Settlement Agreement and Dismiss" and dismiss this original proceeding as moot without reaching the merits of the petition for writ of mandamus.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

181332F.P05