**DISMISS and Opinion Filed June 8, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00926-CV

**STANISLAV BILDER, Appellant**
**V.**
**DENNIS ZEDRICK AS ASSIGNEE FROM OLGA LESYA SYTNIANSKA ZEDRICK AND ARMSTRONG LAW, Appellee**

**On Appeal from the 468th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 468-51319-2019**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Smith
Opinion by Chief Justice Burns

In the underlying case involving the parent-child relationship, the trial court signed two orders in December 2019. In the first order on a motion for enforcement, the trial court awarded judgment in favor of mother Olga Lesya Sytnianska Zedrick for back child support, health care expenses, and attorney's fees. In the second order on a petition to modify, the trial court ordered appellant Stanislav Bilder to pay child support and also awarded mother attorney's fees. Subsequently, mother and her attorneys assigned all of their interests in the two orders to appellee Dennis Zedrick. In an effort to collect the amounts awarded in

the two orders, Zedrick filed an application for turnover order, appointment of a receiver, and request for a charging order. On September 22, 2021, the trial court signed an order granting the requested relief in the application. Bilder appeals from this order.

After Bilder filed his brief on the merits in this appeal, he and Zedrick filed in the trial court a joint motion to discharge the receiver and to dissolve the order appointing the receiver and the turnover and charging orders. In an order signed on March 24, 2022, the trial court discharged the receiver and dissolved the receivership, turnover, and charging orders without prejudice. Bilder then filed a motion requesting partial dismissal of his appeal. Specifically, he moved to dismiss five of the six issues he raised in his brief[1] because the trial court's March 24 order rendered them moot. He asserts his issue asserting it is error to allow a non-parent to enforce the judgment as a child support judgment is not moot. Asserting that the entire appeal is now moot because the appealed order has been dissolved, Zedrick filed a motion seeking to dismiss the entire appeal.

---

[1] Bilder raises the following six issues in his brief:

1. The evidence is legally insufficient to support a turnover order.
2. The trial court abused its discretion by appointing a receiver over appellant's real property without proper notice to appellant.
3. The trial court abused its discretion by delegating enumerated judicial powers to the receiver.
4. The turnover/receivership order applies to non-party non-judgment debtors.
5. The order improperly allows the judgment to be enforced as a child support judgment.
6. The order improperly allows a judgment in a modification proceeding to be enforced as past-due child support.

Appellate courts do not decide cases in which no controversy exists between the parties. *See Camerena v. Tex. Emp't Comm'n.,* 754 S.W.2d 149, 151 (Tex. 1988). Accordingly, if no controversy continues to exist between the parties, the appeal is moot and the court must dismiss the cause. *See City of Garland v. Louton,* 691 S.W.2d 603, 604–05 (Tex. 1985).

Bilder does not dispute the appeal is moot but argues the "capable of repetition yet evading review" exception to the mootness doctrine applies to the issue pertaining to allowing a non-parent to enforce the judgment as a child support judgment. He states in his motion "[Zedrick] still owns the judgment by assignment; therefore, the parties being subjected to the same action again is inevitable." The "capable of repetition yet evading review" exception is applied where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot. *See Spring Branch Indep. Sch. Dist. v. Reynolds*, 764 S.W.2d 16, 18 (Tex. App.—Houston [1st Dist.] 1988, no writ). However, the Texas Supreme Court has recognized that the "capable of repetition yet evading review" exception is rarely applied and has only been used to challenge unconstitutional acts performed by the government. *See Gen. Land Off. of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990); *Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.); *Adams Garden Irrigation Dist. # 19 v. Tex. Comm'n on Env't Quality*, No. 13-17-

00229-CV, 2021 WL 4897663, at \*7 (Tex. App.—Corpus Christi Oct. 21, 2021, no pet.). The exception does not apply to the facts before us.

Rather than pursue the appeal, Bilder joined with Zedrick in asking the trial court to dissolve the appealed order and the trial court complied. Because a controversy no longer exists between the parties, the appeal is now moot and we lack jurisdiction. *See Camerena,* 754 S.W.2d at 151. Accordingly, we deny appellant's motion for partial dismissal of the appeal, grant appellee's motion, and dismiss the appeal and any pending motions. *See* TEX. R. APP. P. 42.3(a).

|  | /Robert D. Burns, III// |
|---|---|
| 210926f.p05 | ROBERT D. BURNS, III |
|  | CHIEF JUSTICE |



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STANISLAV BILDER, Appellant

No. 05-21-00926-CV V.

DENNIS ZEDRICK AS ASSIGNEE
FROM OLGA LESYA
SYTNIANSKA ZEDRICK AND
ARMSTRONG LAW, Appellee

On Appeal from the 468th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 468-51319-
2019.
Opinion delivered by Chief Justice
Burns. Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee DENNIS ZEDRICK AS ASSIGNEE FROM OLGA LESYA SYTNIANSKA ZEDRICK AND ARMSTRONG LAW recover his costs of this appeal from appellant STANISLAV BILDER.

Judgment entered this 8th day of June, 2022.