**Dismissed and Memorandum Opinion filed March 30, 2023.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔠𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-22-00203-CV

### JOSE M. GALLEGOS, Appellant

### V.

### ELLA PARK TERRACE CIVIC CLUB, Appellee

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2011-75448**

## MEMORANDUM OPINION

Appellant Jose M. Gallegos attempts to appeal the trial court's permanent injunction in favor of appellee Ella Park Terrace Civic Club. Because the injunction was dissolved, the appeal is moot, we lack jurisdiction, and dismiss the appeal.

### BACKGROUND

On December 14, 2011, appellee Ella Park Terrace Civic Club[1] filed an

---

[1] While this appeal was pending Ella Park notified this court that it had dissolved.

original petition in which Ella Park alleged that appellant Jose Gallegos altered the topography of his property leading to flooding of property in Ella Park.[2] Ella Park sought damages and injunctive relief. Damages were sought for permanent harm and diminution in the reasonable fair market value of property in Ella Park. Injunctive relief was sought in the form of a permanent injunction requiring Gallegos to construct a barrier to prevent water from migrating to adjoining properties.

After several unsuccessful attempts at service on Gallegos, Ella Park obtained an order for substitute service. Substitute service was accomplished on May 26, 2012. Ella Park filed a motion for default judgment on September 11, 2012, in which it alleged that Gallegos had not filed an answer or otherwise made an appearance. Ella Park further alleged in its motion that Gallegos owned the property adjacent to Ella Park and that Gallegos had altered the property such that it caused flooding on property in Ella Park. Ella Park requested the court to enter "a Default Judgment granting the relief requested in Plaintiffs' Original Petition for Damages to Land and for Injunctive Relief."

On September 26, 2012, the trial court signed a "Permanent Injunction" in which the court ordered:

1.  The Premises adjoining Plaintiffs' property in Ella Park Terrace subdivision are declared a nuisance;

2.  Defendant shall be restrained and enjoined from allowing or causing water to stream onto and over the property owned by Plaintiffs;

3.  Defendant shall construct a barrier or alter the topography in order to prevent water from migrating onto adjoining properties;

4.  Such barrier or alteration shall be completed by December 1, 2012;

---

[2] Suit was initially filed on behalf of Ella Park by the City of Houston. By the time Gallegos filed subsequent proceedings in 2018 the City had withdrawn from representing Ella Park as it was not authorized to represent private parties. *See* Tex. Civ. Prac. & Rem. Code § 125.002(a).

5.   In the event Defendant fails to comply by December 1, 2012 Plaintiffs may without further notice construct a barrier on Defendant's property to prevent water from migrating onto the adjoining properties.

6.   Defendant shall maintain the Premises so that they are no longer a nuisance; and

7.   Defendant's failure to comply with this Permanent Injunction shall constitute contempt of a valid court order.

The trial court did not award damages as requested by Ella Park in its original petition and motion for default judgment.

On July 25, 2018, Gallegos filed a motion to set aside the permanent injunction in which he alleged that the substitute service did not comply with the trial court's order, and that he never received service of Ella Park's 2011 suit. The trial court denied Gallegos's motion to set aside default judgment stating the court had lost jurisdiction over the 2012 default judgment. Gallegos filed a plea to the jurisdiction, which was denied. Gallegos also filed a bill of review in another cause number, which was dismissed.

Before the bill of review was dismissed Gallegos filed a notice of appeal in this court seeking to appeal the trial court's orders denying his plea to the jurisdiction and motion to set aside default judgment. *See Gallegos v. Ella Park Terrace Civic Club*, No. 14-19-00972-CV, 2021 WL 98119, at *2 (Tex. App.—Houston [14th Dist.] Jan. 12, 2021, no pet.) (mem. op.) (*Gallegos I*). Because the trial court's injunction order did not dispose of Ella Park's claims for damages, this court held the order was interlocutory and dismissed the appeal for want of jurisdiction. *Id.* at *3.

After this court issued its opinion in *Gallegos I*, Gallegos filed an answer to Ella Park's petition and filed counterclaims. In Gallegos's counterclaims he alleged fraud and sought sanctions pursuant to Texas Rule of Civil Procedure 13. On

3

February 5, 2021, Gallegos filed a motion to vacate the permanent injunction combined with a no-evidence motion for summary judgment and motion to dismiss. Gallegos asserted that the injunction should be set aside because (1) the petition and motion for default were legally insufficient to support the injunctive relief granted; (2) the injunction was impermissibly vague; and (3) there was no evidence that Gallegos changed the topography of the property or caused the flooding at issue.

Gallegos also asserted that the injunction failed to comply with Texas Rules of Civil Procedure 688 and 689 because Gallegos "was never served." In asserting invalid service Gallegos argued that the affidavit of service did not state that it was based on personal knowledge and did not state who allegedly served the documents. Gallegos further asserted that the affidavit failed to confirm the person on whom service was made.

On April 1, 2021, Ella Park filed a motion to dissolve the injunction. As grounds for dissolution Ella Park alleged that the injunction was originally obtained to enjoin Gallegos from allowing or causing water to stream onto or over property in Ella Park. When Gallegos allegedly failed to comply with the injunction, the City of Houston "entered the property and installed drainage infrastructure to divert the water flowing from [Gallegos's] property to public rainwater inlets." According to Ella Park's motion, at the time the motion was filed, the "City [was] condemning the property" to maintain the drainage infrastructure, rendering the injunction moot.[3] On the same day Ella Park filed a nonsuit of its claims for damages asserted in the 2011 original petition.

On September 2, 2021, the trial court signed an order denying Gallegos's plea

---

[3] An affidavit attached to Ella Park's motion to dissolve stated that the City had instituted condemnation proceedings in order to own the property in fee simple title or own utility easement rights on the property to allow for upgrades and maintenance of drainage infrastructure in perpetuity.

to the jurisdiction, motion to set aside the injunction, motion to vacate the injunction, motion for summary judgment, and motion to dismiss. On September 16, 2021, the trial court signed an order granting Ella Park's motion to dissolve the injunction. On February 15, 2022, the trial court signed a final judgment in which the court dissolved the injunction and ordered that the parties "take nothing from each other." The final judgment disposed of Gallegos's motion for summary judgment, motion to dismiss, and plea to the jurisdiction. In granting Ella Park's nonsuit, the trial court also disposed of Ella Park's claims for damages. This appeal followed.

## ANALYSIS

In two issues Gallegos asserts the trial court erred in (1) denying his plea to the jurisdiction; and (2) refusing to vacate or set aside the injunction because it did not meet the requirements for a permanent injunction. Gallegos does not challenge the trial court's dismissal of his counterclaims.

## I.     The appeal from the trial court's order dissolving the injunction is moot.

In Gallegos's opening brief he asks this court to reverse the trial court's judgment dissolving the injunction and render judgment that the injunction is "void and of no legal effect." The judgment from which Gallegos appeals dissolved the injunction Gallegos claims is void. Because the trial court dissolved the injunction, we need not address Gallegos's claims that the injunction was void.

Subject-matter jurisdiction is fundamental to our authority to dispose of cases. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("a case is moot when the court's action on the merits cannot affect the parties' rights or interest"); *Phillips v. Phillips*, 651 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Neither the Texas Constitution nor the Texas Legislature has vested this court with the authority to render advisory opinions. *See* Tex. Const. art. II, § 1; *Elec.*

5

*Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021). A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). Stated differently, if a judgment cannot have a practical effect on an existing controversy, the case is moot. *Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

There is no justiciable controversy if our action on the merits would not affect the parties' rights. *Heckman*, 369 S.W.3d at 162. In this case, Gallegos asks this court to do what the trial court has already done, i.e., dissolve the injunction. Any action on the merits of whether the trial court had jurisdiction to issue the injunction would constitute an impermissible advisory opinion. Gallegos's appeal is therefore moot unless he can show he met a recognized exception to the mootness doctrine.

## II.     Gallegos has not established an exception to the mootness doctrine.

On January 10, 2023, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal on or before January 23, 2023. *See* Tex. R. App. P. 42.3(a).

Gallegos filed a response in which he contends the trial court erred in dissolving the injunction rather than declaring it void. Gallegos asserts that the trial court's failure to declare the injunction void "allowed the Default Injunction to continue being used as a shield for several takings of property without just compensation" and that without appellate review, the injunction "will continue to serve as a shield for several unconstitutional takings."

6

The Supreme Court of Texas has recognized two exceptions to the mootness doctrine: (1) the capability of repetition yet evading review exception; and (2) the collateral consequences exception. *Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). The "capable of repetition yet evading review" exception is applied where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The "collateral consequences" exception has been applied when Texas courts have recognized that prejudicial events have occurred whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate. *Gen. Land Office*, 789 S.W.2d at 571. Such effects could not be absolved by mere dismissal of the cause as moot. *Id.*

We construe Gallegos's dismissal response and supplemental brief as an invocation of the "collateral consequences" exception to the mootness doctrine. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006); *Phillips*, 651 S.W.3d at 116 (holding collateral consequences exception to mootness applied to appeal of protective order).

The collateral consequences exception to the mootness doctrine is invoked only under narrow circumstances when dismissal of the case as moot will not cure the adverse consequences suffered by the party seeking to appeal the judgment. *See Marshall*, 198 S.W.3d at 789. Such narrow circumstances exist when, as a result of the judgment, (1) concrete disadvantages or disabilities have in fact occurred, are imminently threatened to occur, or are imposed as a matter of law; and (2) the concrete disadvantages and disabilities will persist even after the judgment is vacated. *See Gen. Land Office*, 789 S.W.2d at 571 (noting that the collateral consequences exception is invoked only when prejudicial events have occurred whose effects will continue to stigmatize after dismissal of the case as moot).

7

To invoke the collateral consequences exception, then, Gallegos must show both that a concrete disadvantage resulted from the injunction and that the disadvantage will persist now that the injunction has been dissolved. *See Gen. Land Office*, 789 S.W.2d at 571. He does not do so. Gallegos argues that the City of Houston, not a party to this appeal, has "used" the existence of the injunction to improperly take his property through condemnation. The record, however, contains neither evidence, nor an attempt to provide evidence, supporting Gallegos's assertion that this "concrete disadvantage" was caused by the injunction or will persist after the injunction's dissolution. Gallegos attached to his brief pleadings that have been filed in a separate action, now removed to federal court, asserting an illegal taking by the City of Houston. Those pleadings are not part of our record in this appeal. Moreover, even if we could consider those pleadings, they do not establish that Gallegos suffered an irremediable concrete disadvantage after the injunction's dissolution.

We further hold the collateral consequences exception does not apply in today's case because the alleged prejudice experienced by Gallegos does not rise to the level as those cases where the courts have found the exception to apply. *See Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 18–19 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (cases applying the collateral consequences exception are for acts such as wrongful conviction of a crime, wrongful adjudication as a juvenile delinquent, and wrongful commitment to a mental institution). The "collateral consequences" recognized by our courts have been severely prejudicial events whose effects continued to stigmatize helpless or hated individuals long after the unconstitutional judgment had ceased to operate. *See, e.g.*, *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980) (applying the collateral consequences exception to the mootness doctrine in a case involving involuntary commitment to a mental hospital);

*Carrillo v. State*, 480 S.W.2d 612, 616–17 (Tex. 1972) (applying the collateral consequences exception to the mootness doctrine in a case involving a minor's adjudication as a juvenile delinquent). Gallegos did not present evidence that he suffered similar consequences. The consequences of a potential taking of Gallegos's property by the City of Houston can be addressed through the condemnation action or a suit for damages against the City. Gallegos has not established that whether the injunction obtained by Ella Park is dissolved or declared void would have lasting stigmatizing effects on him. The concept of collateral consequences is a discretionary exception to the mootness doctrine, which, in this case, is ill-suited for application to this controversy. *See Reynolds*, 764 S.W.2d at 19.

On this record we decline to hold that the dissolution of the injunction will cause such continuing concrete disadvantage as warrants application of the collateral consequences exception in this case. We therefore conclude Gallegos's appeal of the trial court's dissolution of the injunction is moot. Because there is no justiciable controversy to be addressed by this court we lack subject-matter jurisdiction over this appeal. *See Elec. Reliability Council of Tex.*, 619 S.W.3d at 641.

## CONCLUSION

The appeal is dismissed for lack of subject-matter jurisdiction.


/s/     Jerry Zimmerer
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

9