COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
|  |  | No. 08-07-00306-CV |
| IN THE INTEREST OF | § |  |
|  |  | Appeal from |
| D.R.Z. A JUVENILE. | § |  |
|  |  | 65th District Court |
|  | § |  |
|  |  | of El Paso County, Texas |
|  | § |  |
|  |  | (TC # 06,00832) |
|  | § |  |

## MEMORANDUM OPINION

D.R.Z., a juvenile, appeals from an order modifying his juvenile probation. We dismiss the appeal as moot.

## FACTUAL SUMMARY

On December 12, 2006, D.R.Z. entered a plea of true to Count II of State's first amended petition which alleged that he committed the offense of theft over $50 but less than $500. The juvenile court entered an adjudication order on that same date and the court placed D.R.Z. on supervised juvenile probation on January 9, 2007. The State subsequently filed a motion to modify disposition based on allegations that D.R.Z. had failed to abstain from use of marihuana, failed to successfully complete the substance abuse counseling program with Project Libertad, and had left home without his guardian. Based on its finding that D.R.Z. had violated the conditions of probation as alleged in the motion to modify, the juvenile court placed him in the Challenge Boot Camp Program. D.R.Z. filed notice of appeal. On April 9, 2008, D.R.Z. was terminated from probation after completing the Challenge Boot Camp Program and he has since turned eighteen years of age.

## MOOTNESS

On appeal, D.R.Z. raises one issue asserting that the juvenile court abused its discretion by placing him in the Challenge Boot Camp Program. The State responds that the appeal has become moot because the juvenile court terminated D.R.Z.'s probation on April 9, 2008.

A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). This Court has previously held that an appeal from a disposition order becomes moot when the juvenile's probation is terminated. *In re R.M.*, 234 S.W.3d 103 (Tex.App.--El Paso 2007, no pet.); *In re G.E.*, 225 S.W.3d 647 (Tex.App.--El Paso 2006, no pet.). There are two exceptions to the mootness doctrine: (1) capable of repetition yet evading review and (2) collateral consequences. *General Land Office v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990); *R.M.*, 234 S.W.3d at 104. To invoke the "capable of repetition yet evading review" exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *R.M.*, 234 S.W.3d at 104. Given that D.R.Z.'s probation has been terminated, there is no reasonable expectation that he would again be subjected to a modification of his probation. *R.M.*, 234 S.W.3d at 104. Consequently, the first exception to the mootness doctrine does not apply.

The collateral consequences exception pertains to severely prejudicial events, the effects of which continue to stigmatize helpless or hated individuals long after the unconstitutional judgment has ceased to operate. *General Land Office*, 789 S.W.2d at 571; *R.M.*, 234 S.W.3d at 104-05. This exception was applied in *Carrillo v. State*, 480 S.W.2d 612, 616-17 (Tex. 1972) where a juvenile was discharged from probation while his case was on appeal. *R.M.*, 234 S.W.3d at 104-05. Noting that juvenile adjudications carry deleterious collateral effects and legal consequences including the

stigma attached to being adjudged a juvenile delinquent, the Supreme Court held that Carrillo's case was not moot because "a minor should have the right to clear himself by appeal" and this right should not disappear when the sentence given is so short that it expires before the appellate process is completed. *Id*. at 617. The instant case is distinguishable because D.R.Z. has not appealed the adjudication order but only appeals from the order modifying his disposition. *See R.M.*, 234 S.W.3d at 105. Our resolution of the issues presented could not have any impact on the collateral effects and legal consequences of being adjudged a juvenile delinquent. Therefore, this case does not fall within the collateral consequences exception.

We conclude that the appeal from the order modifying disposition and placing Appellant in the Challenge Boot Camp Program has become moot because D.R.Z.'s juvenile probation has been terminated. Accordingly, we dismiss the appeal as moot.

May 13, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.