225 S.W.3d 647 (2006)
In the Matter of G.E., A Juvenile.
No. 08-05-00147-CV.
Court of Appeals of Texas, El Paso.
August 24, 2006.
*648 M. Clara Hernandez, El Paso County Public Defender, El Paso, for appellant.
Jose R. Rodriguez, County Attorney, El Paso, for appellee.
Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

OPINION
DAVID WELLINGTON CHEW, Justice.
Appellant, G.E., a juvenile, appeals from a disposition order placing him on probation until his eighteenth birthday with out-of-home placement in the Challenge Boot Camp Program as a condition of his probation. We dismiss as moot.
In its second amended petition, the State alleged that Appellant committed the offenses of evading arrest, criminal mischief over $1,500 but less than $20,000, possession of marijuana under two ounces, and assault of a family member. On January 10, 2005, an adjudication hearing was held and Appellant pled true to evading arrest, possession of marijuana, and assault of a family member.[1] The trial court found that Appellant engaged in delinquent conduct and scheduled a disposition hearing.
At the disposition hearing, Probation Officer Patricia Soto recommended that Appellant receive probation with out-of-home placement in the Challenge Boot Camp Program until his eighteenth birthday. The trial court agreed with Probation Officer Sotos recommendation and placed Appellant on probation until his eighteenth birthday. Appellant was also required to participate in the Challenge Boot Camp Program as a condition of his probation.
In his sole issue, Appellant argues the trial court abused its discretion by placing him in a boot camp program as a condition of his probation when alternative, less restrictive programs were available. The State contends that since Appellant is no longer on probation, his issue on appeal is now moot. We agree with the State.
In this case, a review hearing was held subsequent to the disposition hearing and Appellants probation was terminated. We note Appellant did not appeal the trial courts adjudication. Rather, Appellant only challenged the condition of probation which required him to participate in a boot camp program. Because Appellants probation was terminated, no decision of this Court regarding the condition of probation would have any effect. See In re of J.P.D., No. 03-02-00425-CV, 2003 WL 1922466, at *1 (Tex.App.-Austin, April 24, 2003, no pet.).
When the judgment of this Court can have no effect on an existing controversy, a case becomes moot. Restrepo v. First National Bank of Dona Ana County, New Mexico, 888 S.W.2d 606, 607 (Tex. App.-El Paso 1994, no writ). Thus, Appellants issue has become moot. See In re of J.P.D., 2003 WL at 1922466, at *1. Generally, an appellate court must dismiss the cause and not simply the appeal when a *649 case becomes moot. Hanna v. Godwin, 876 S.W.2d 454, 457 (Tex.App.-El Paso 1994, no writ). However, in this case, the entire cause is not moot, only Appellants issue. See In re of J.P.D., 2003 WL 1922466, at *2. Therefore, only the appeal should be dismissed as moot.
Accordingly, we dismiss this appeal as moot.
NOTES
[1] The State dropped the criminal mischief charge pursuant to a restitution agreement.