234 S.W.3d 103 (2007)
In the Matter of R.M., Jr., A Juvenile.
No. 08-06-00008-CV.
Court of Appeals of Texas, El Paso.
March 22, 2007.
Matthew DeKoatz, El Paso, for Appellant.
Jose R. Rodriguez, County Attorney, El Paso, for State.
Before CHEW, C.J., McCLURE, and CARR, JJ.

OPINION
ANN CRAWFORD McCLURE, Justice.
R.M., Jr., a juvenile, appeals from an order modifying his juvenile probation. We dismiss the appeal as moot.

FACTUAL SUMMARY
On November 22, 2004, the State filed a petition alleging R.M. engaged in delinquent conduct by committing assault. The State filed an amended petition on April 27, 2005, alleging that R.M. committed aggravated assault and two counts of burglary of a habitation. On May 31, 2005, R.M. pled true to the lesser included offense of criminal trespass and the State dismissed the other counts. The juvenile court entered a disposition order on June 22, 2005 placing R.M. on juvenile probation. On October 11, 2005, the State filed a motion to modify disposition based on allegations that R.M. had violated several conditions of the probation order. The juvenile court conducted a hearing and found that R.M. *104 had violated certain conditions. On November 22, 2005, the juvenile court placed R.M. on intensive supervised juvenile probation. Approximately two weeks later, the State filed a new motion to modify disposition based on allegations that R.M. had refused to allow his probation officer to enter his home and had been suspended from school. The juvenile court sustained those allegations and on January 4, 2006 committed R.M. to the Challenge Boot Camp Program. R.M. filed a notice of appeal. Based on the juvenile department's recommendation, the juvenile court, on July 5, 2006, entered an order terminating R.M.'s probation with the notation that the probation was unsuccessful.

MOOTNESS
On appeal, R.M. raises three issues related to the modification order entered on December 7, 2005:(1) the modification order was void because the juvenile court did not make the findings required by Section 54.04 of the Family Code; (2) the juvenile court denied R.M. due process and due course of law by prejudging R.M.'s disposition at the modification hearing held on December 7, 2005; and (3) the evidence is legally insufficient to support the juvenile court's determination, as stated in the modification order, that R.M. had violated the terms of probation. The State, noting that R.M. has challenged only the modification of probation order, responds that the appeal has become moot because the juvenile court terminated R.M.'s probation on July 5, 2006. We agree.
A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). We applied the general rule to a juvenile appeal in In the Matter of G.E., 225 S.W.3d 647 (Tex.App.-El Paso 2006, no pet.). There, a juvenile appealed only the disposition order and his placement in a boot camp program. While the case was on appeal, the juvenile's probation was terminated. We held that the appeal was rendered moot by the termination of the juvenile's probation because there was no live controversy between the parties and resolution of the issue on appeal would not have any effect on the underlying case. Id. at 648.
In G.E., we did not address the exceptions to the mootness doctrine but we will do so here. There are two exceptions to the mootness doctrine: (1) capable of repetition yet evading review and (2) collateral consequences. General Land Office of the State of Texas v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex.1990). To invoke the "capable of repetition yet evading review" exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. Williams v. Lara, 52 S.W.3d 171, 184 (Tex.2001). Given that R.M.'s probation has been terminated, there is no reasonable expectation that he would again be subjected to a modification of his probation. Consequently, the first exception to the mootness doctrine does not apply.
The collateral consequences exception pertains to severely prejudicial events, the effects of which continue to stigmatize helpless or hated individuals long after the unconstitutional judgment has ceased to operate. General Land Office, 789 S.W.2d at 571; In the Matter of J.P.D., No. 03-02-00425-CV, 2003 WL 1922466 (Tex. App.-Austin April 24, 2003, no pet.). This exception was applied in Carrillo v. State, 480 S.W.2d 612, 616-17 (Tex.1972) where a *105 juvenile was discharged from probation while his case was on appeal. Noting that juvenile adjudications carry deleterious collateral effects and legal consequences including the stigma attached to being adjudged a juvenile delinquent, the Supreme Court held that Carrillo's case was not moot because "a minor should have the right to clear himself by appeal" and this right should not disappear when the sentence given is so short that it expires before the appellate process is completed. Id. at 617. Here, however, R.M. has not appealed the adjudication order but only appeals from the order modifying his disposition. Our resolution of the issues presented on appeal could not have any impact on the collateral effects and legal consequences of being adjudged a juvenile delinquent. Therefore, this case does not fall within the collateral consequences exception.
We conclude that the appeal from the order modifying disposition has become moot because R.M.'s juvenile probation has been terminated. Accordingly, we dismiss the appeal as moot.