Dismissed and Memorandum Opinion filed May 3, 2007








Dismissed
and Memorandum Opinion filed May 3, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00874-CV

____________

 

IN THE MATTER OF A.M.L., A Juvenile

 

 



 

On Appeal from the County Court at Law No. 1

Fort Bend County, Texas

Trial Court Cause No.
12351

 



 

M E M O R A N D U M   O P I N I O N

Appellant, a juvenile, was adjudicated delinquent after
pleading true to the charge of burglary of a habitation as alleged in the State=s first amended
petition.  Appellant appeals from a disposition order signed September 25,
2006, placing him on probation until his eighteenth birthday.[1] 
We dismiss the appeal.








On January 3, 2007, the State submitted a motion for
negative termination of the juvenile=s probation to the
trial court in the presence of the juvenile, his guardian, guardian ad litem,
and a representative of the Fort Bend County Juvenile Probation Department. 
The trial court signed an order terminating appellant=s probation, and
closing the case.  In addition, the State withdrew its pending motion to revoke
appellant=s probation.

The State asserts that this appeal has been rendered moot. 
A case becomes moot when the issues presented are no longer live or the parties
lack a legally cognizable interest in the outcome.  Murphy v. Hunt, 455
U.S. 478, 481, 102 S.Ct. 1181, 1183 (1982); In the Matter of G.E., ‑‑‑
S.W.3d ‑‑‑, No. 08‑05‑00147‑CV, 2006 WL
2457069 (Tex. App.CEl Paso Aug.24, 2006, no pet.) (applying
rule to a juvenile appeal).  An appeal from a juvenile disposition order is
rendered moot by the termination of the juvenile=s probation
because there is no live controversy between the parties and resolution of the
appeal would not have any effect on the underlying case.  Id. at *1.

There are two exceptions to the mootness doctrine: (1)
capable of repetition yet evading review and (2) collateral consequences.  General
Land Office of the State of Texas v. Oxy U.S.A., Inc., 789 S.W.2d 569, 571
(Tex. 1990).  To invoke the Acapable of repetition yet evading review@ exception, a
plaintiff must prove that: (1) the challenged action was too short in duration
to be litigated fully before the action ceased or expired; and (2) a reasonable
expectation exists that the same complaining party will be subjected to the
same action again. Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001). 
Given that appellant=s probation has been terminated and his
case closed, there is no reasonable expectation that he would again be
subjected to a modification or revocation of his probation.  See In re R.M.,
Jr., ‑‑‑ S.W.3d ‑‑‑, No. 08-06-00008-CV, 2007 WL 896502,
*1 (Tex. App.CEl Paso, Mar. 22, 2007, no pet. h.).  Consequently, the first exception
to the mootness doctrine does not apply.








The collateral consequences exception pertains to severely
prejudicial events, the effects of which continue to stigmatize individuals
long after the judgment has ceased to operate.  General Land Office, 789
S.W.2d at 571; In the Matter of J.P.D., No. 03‑02‑00425‑CV,
2003 WL 1922466 (Tex. App.CAustin April 24, 2003, no pet.) (mem.
op.).  This exception was applied in Carrillo v. State, 480 S.W.2d 612,
616‑17 (Tex. 1972), where a juvenile was discharged from probation while
his case was on appeal.  Noting that juvenile adjudications carry deleterious
collateral effects and legal consequences including the stigma attached to
being adjudged a juvenile delinquent, the Supreme Court held that Carrillo=s case was not
moot because Aa minor should have the right to clear himself by
appeal@ and this right
should not disappear when the sentence given is so short that it expires before
the appellate process is completed.  Id. at 617.  An appeal from the
disposition order placing appellant on probation has been rendered moot by the
termination of appellant=s probation.  While the collateral
consequences exception to the mootness doctrine might apply to an appeal from
an adjudication of delinquency in a juvenile case, appellant has not responded
to this court=s notices or otherwise expressed a desire to a appeal
the adjudication.

Moreover, appellant entered a plea of true and stipulated
to the evidence, and the court entered a disposition order in accordance with
appellant=s agreement with the State.  The Family Code limits a
juvenile=s right to appeal
under these circumstances.  AA child who enters a plea or agrees to a
stipulation of evidence . . . may not appeal an order of the juvenile court
entered under Section 54.03, 54.04, or 54.05 if the court makes a disposition
in accordance with the agreement between the state and the child regarding the
disposition of the case, unless: (1) the court gives the child permission to
appeal; or (2) the appeal is based on a matter raised by written motion filed
before the proceeding in which the child entered the plea or agreed to the
stipulation of evidence.@ Tex.
Fam. Code Ann. ' 56.01(n). Compliance with section
56.01(n) has been held to be jurisdictional and the failure to abide by its
terms subjects an appeal to dismissal for want of jurisdiction.  In the
Matter of R.J.D., 2006 WL 3497671, *1 (Tex. App.CSan Antonio 2006,
no pet.) (mem. op.);  In the Matter of B.N.C., No. 04‑02‑00788‑CV,
2003 WL 1232997, at *1 (Tex. App.CSan Antonio 2003,
no pet.) (mem. op.);  In the Matter of A.E.E. 89 S.W.3d 250, 254 (Tex.
App.CTexarkana 2002, no
pet.).

The record before this court does not reflect that the
trial court expressly granted appellant permission to appeal.  In addition, our
record contains no written motions filed before the juvenile=s plea. 
Therefore, this court lacks jurisdiction to consider the appeal.








On March
16, 2007, and on April 5, 2007, notification was transmitted to the parties,
including appellant=s appointed counsel, the guardian ad litem, and appellant=s grandmother, of this court=s intention to dismiss the appeal for
want of jurisdiction unless appellant filed a response demonstrating grounds
for continuing the appeal.[2]  See Tex. R. App. P. 42.3(a).  No response
to the court=s notices has been filed by appellant or anyone on his behalf.

Accordingly,
the appeal is ordered dismissed.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed May 3,
2007.

Panel consists of Chief Justice Hedges and Justices Hudson and Guzman. 









[1]   The record reflects that appellant=s eighteenth birthday was April 28, 2007.





[2]  A second notice was transmitted to ensure that
appellant=s guardian and the guardian ad litem received notice
of the court=s intention to dismiss the appeal.