Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





 

IN THE INTEREST OF


D.R.Z. A JUVENILE.

 

 


§


 


§


 


§


 


§


 


§



§

No. 08-07-00306-CV



Appeal from


 65th District Court


of El Paso County, Texas


(TC # 06,00832)




MEMORANDUM OPINION



 D.R.Z., a juvenile, appeals from an order modifying his juvenile probation. We dismiss the
appeal as moot.

FACTUAL SUMMARY


 On December 12, 2006, D.R.Z. entered a plea of true to Count II of State's first amended
petition which alleged that he committed the offense of theft over $50 but less than $500. The
juvenile court entered an adjudication order on that same date and the court placed D.R.Z. on
supervised juvenile probation on January 9, 2007. The State subsequently filed a motion to modify
disposition based on allegations that D.R.Z. had failed to abstain from use of marihuana, failed to
successfully complete the substance abuse counseling program with Project Libertad, and had left
home without his guardian. Based on its finding that D.R.Z. had violated the conditions of probation
as alleged in the motion to modify, the juvenile court placed him in the Challenge Boot Camp
Program. D.R.Z. filed notice of appeal. On April 9, 2008, D.R.Z. was terminated from probation
after completing the Challenge Boot Camp Program and he has since turned eighteen years of age.

MOOTNESS


 On appeal, D.R.Z. raises one issue asserting that the juvenile court abused its discretion by
placing him in the Challenge Boot Camp Program. The State responds that the appeal has become
moot because the juvenile court terminated D.R.Z.'s probation on April 9, 2008.

 A case becomes moot when the issues presented are no longer live or the parties lack a
legally cognizable interest in the outcome. Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181,
1183, 71 L.Ed.2d 353 (1982). This Court has previously held that an appeal from a disposition order 
becomes moot when the juvenile's probation is terminated. In re R.M., 234 S.W.3d 103 (Tex.App.--El Paso 2007, no pet.); In re G.E., 225 S.W.3d 647 (Tex.App.--El Paso 2006, no pet.). There are two
exceptions to the mootness doctrine: (1) capable of repetition yet evading review and (2) collateral
consequences. General Land Office v. Oxy U.S.A., Inc., 789 S.W.2d 569, 571 (Tex. 1990); R.M.,
234 S.W.3d at 104. To invoke the "capable of repetition yet evading review" exception, a plaintiff
must prove that: (1) the challenged action was too short in duration to be litigated fully before the
action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will
be subjected to the same action again. Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001); R.M., 234
S.W.3d at 104. Given that D.R.Z.'s probation has been terminated, there is no reasonable
expectation that he would again be subjected to a modification of his probation. R.M., 234 S.W.3d
at 104. Consequently, the first exception to the mootness doctrine does not apply.

 The collateral consequences exception pertains to severely prejudicial events, the effects of
which continue to stigmatize helpless or hated individuals long after the unconstitutional judgment
has ceased to operate. General Land Office, 789 S.W.2d at 571; R.M., 234 S.W.3d at 104-05. This
exception was applied in Carrillo v. State, 480 S.W.2d 612, 616-17 (Tex. 1972) where a juvenile
was discharged from probation while his case was on appeal. R.M., 234 S.W.3d at 104-05. Noting
that juvenile adjudications carry deleterious collateral effects and legal consequences including the
stigma attached to being adjudged a juvenile delinquent, the Supreme Court held that Carrillo's case
was not moot because "a minor should have the right to clear himself by appeal" and this right
should not disappear when the sentence given is so short that it expires before the appellate process
is completed. Id. at 617. The instant case is distinguishable because D.R.Z. has not appealed the
adjudication order but only appeals from the order modifying his disposition. See R.M., 234 S.W.3d
at 105. Our resolution of the issues presented could not have any impact on the collateral effects and
legal consequences of being adjudged a juvenile delinquent. Therefore, this case does not fall within
the collateral consequences exception.

 We conclude that the appeal from the order modifying disposition and placing Appellant in
the Challenge Boot Camp Program has become moot because D.R.Z.'s juvenile probation has been
terminated. Accordingly, we dismiss the appeal as moot.


May 13, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Rivera, JJ.