Opinion issued May 27, 2010.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00801-CR

———————————

Bernardino Hernandez Perez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1226459

 



MEMORANDUM OPINION

In this writ of habeas corpus
appeal, Bernardino Hernandez Perez appeals from the trial court’s
order denying his pre-trial application for writ of habeas corpus.  Perez contends the trial court
improperly prohibited alcohol possession and consumption as a condition of his
bail bond for state jail felony possession of marijuana.  Tex. Health & Safety Code Ann. § 481.121(b)(3) (Vernon 2009). 
We dismiss the appeal as moot.

Background

Perez was charged with state jail felony possession of
marijuana with a bond set at $30,000 dollars. 
One condition on the bond required that Perez “. . . not use, possess,
or consume alcohol.”  Perez was released
on bond, but was again confined when, 12 days later, he tested positive for the
presence of alcohol.  The court revoked
his bond and set it at no bond.  Two
months later, Perez was released on a $40,000 bond with the same condition
prohibiting alcohol.  Within a month, he
was again confined for testing positive for the presence of alcohol.  Perez, for the first time, objected to the no alcohol bond
condition and revocation based on violation of that condition.  

Perez filed an application for pre-trial
writ of habeas corpus seeking relief from confinement on the ground that his
pre-trial bond condition was unlawful. 
The trial court held a hearing on the bond revocation’s merits.  Appellant waived any inquiry on factual
issues concerning the results of the “breath tests” that tested the presence of
alcohol in appellant.  Appellant,
however, challenged the legal authority of the trial court to impose the no
alcohol condition and the revocation based on violation of that condition.  During the evidentiary hearing on the bond
revocation’s merits, Perez presented the testimony of Dorri Melvin, a Harris
County Pre-trial Services (HCPS) employee, who said that the bond conditions at
issue here are standard bond conditions in Harris County used in many different
types of cases, and not just in cases involving controlled substances.  Furthermore, she testified that HCPS uses a
systematic approach to monitoring defendants, and the approach she used in this
case would be applied to any defendant on bond in any judge’s court.  The trial court denied habeas corpus relief.  Within days of Perez filing his appeal to
this court, the court reduced Perez’s bond and he was released from
custody.  The State later dismissed the marijuana
charge.  

Mootness

          The
State contends that because Perez is no longer incarcerated for violating this
condition, this appeal is moot.  Because
no exception to the mootness doctrine applies to this case, we must dismiss
this appeal.

A.   Mootness
Doctrine Generally

Whether a court has subject matter
jurisdiction is a legal question that is reviewed de novo.  Trulock
v. City of Duncanville, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.).  The mootness doctrine implicates subject
matter jurisdiction.  Id. 
An appellate court is prohibited from deciding a moot controversy.  See
Nat'l Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999).  This prohibition is rooted in the separation
of powers doctrine in the Texas and United States Constitutions that prohibits
courts from rendering advisory opinions. 
See id.  For a party to have standing, a controversy
must exist between the parties at every stage of the legal proceedings,
including the appeal.   Williams v.
Lara, 52 S.W.3d 171, 184 (Tex. 2001). 
If a case becomes moot, the parties lose their standing to maintain
their claims.  Id.  Generally, an appeal is
moot when the court’s action on the merits cannot affect the rights of the
parties.  VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex. 1993).  A case on appeal is moot if (1) there are no
live controversies between the parties, and (2) any decision rendered by the
appellate court would be an advisory opinion. 
See Camarena v. Tex. Emp. Comm’n,
754 S.W.2d 149, 151 (Tex. 1988).  There
are two exceptions that confer jurisdiction despite mootness:  (1) the “capable of repetition, yet evading
review” exception, and (2) the collateral consequences exception.  Gen.
Land Office of State of Tex. v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex.
1990).  

1.      Capable of Repetition Yet Evading Review
Exception

One exception to the mootness
doctrine occurs when a claim is “capable of repetition, yet evading
review.”  Pharris v. State, 165
S.W.3d 681, 687–88 (Tex. Crim. App. 2005). 
The United States Supreme Court has said that “the ‘capable of
repetition but evading review’ doctrine [is] limited to the situation where two
elements combine: (1) the challenged action was in its duration too short to be
fully litigated prior to its cessation or expiration, and (2) there was a
reasonable expectation that the same complaining party would be subjected to
the same action again.”  Id. at 688.  The Court of Criminal Appeals has adopted and
applied that exception.  Id. 


Assuming the challenged action here
was too short in duration to be fully litigated prior to the release of Perez
from incarceration, Perez cannot show that he would be subjected to the same
action again because the State dismissed all the criminal charges that were
filed against him in this case.  Compare id. at 688–89 (holding Pharris
would be likely subjected to same no bond condition again because State had
filed multiple charges against him and represented that it would be filing more
charges against him in that case); see In
re R.M., 234 S.W.3d 103, 104 (Tex. App. —El Paso 2007, no pet.) (holding that capable of repetition yet evading
exception inapplicable because R.M.’s probation had been terminated and there
is no reasonable expectation that he would again be subjected to modification of
his probation).  We conclude the capable
of repetition but evading review exception is inapplicable in this case.

2.     The Collateral Consequences Exception

The second exception to the
mootness doctrine is the collateral consequences exception.  Gen.
Land Office, 789 S.W.2d at 571.  The
collateral consequences exception pertains to severely prejudicial events, the
effects of which continue to stigmatize helpless or hated individuals long
after the unconstitutional judgment has ceased to operate.  Id.  Here, Perez cannot show that the short term
incarcerations resulting from his consumption of alcohol in violation of his
bond conditions resulted in stigmatizing him or causing people to hate him.  See In
re R.M., 234 S.W.3d at 104–05 (holding that collateral consequences
exception inapplicable because R.A. did not show impact of collateral effects
and legal consequences of being adjudged juvenile delinquent).  We conclude the collateral consequences
exception is inapplicable in this case.

Conclusion

          Because the appeal is moot
and no exception applies, we dismiss the appeal.

 

                                                                             

                                                                   

                                                                   Elsa
Alcala

                                                                   Justice         

                             

Panel consists of Chief Justice Radack, and Justices
Alcala, and Higley.

Do not publish. 
See Tex. R. App. P. 47.2(b).