COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
|  | § | No. 08-11-00297-CV |
|  | § | Appeal from the |
| IN THE MATTER OF J.M., | § |  |
| A JUVENILE, | § | 65th Judicial District Court |
|  | § | of El Paso County, Texas |
|  | § | (TC#10,01729) |
|  | § |  |

**O P I N I O N**

J.M., a juvenile, appeals his disposition following his adjudication as a delinquent. We dismiss the appeal as moot.

**BACKGROUND**

On August 22, 2011, J.M. entered a plea of true to the offense of evading detention alleged in the State's Petition Based on Delinquent Conduct. The juvenile court entered an adjudication order on the same date. The Disposition Hearing was held on September 27, 2011. Following that hearing, the juvenile court referee ordered that J.M. be placed on supervised probation, with no curfew until his 18th birthday. Probation review was scheduled for four months after the disposition hearing. Following the review, J.M.'s probation was terminated on February 8, 2012 and he has since turned eighteen years of age.

**MOOTNESS**

On appeal, J.M. raises one issue asserting that the juvenile court abused its discretion by ordering a disposition that was not supported by the evidence. The State initially responds that J.M.'s appeal is moot because the juvenile court terminated J.M.'s probation on February 8, 2012

and because J.M. can no longer be a party in the juvenile system.

A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). This Court has previously held that an appeal from a disposition order becomes moot when the juvenile's probation is terminated. *In re R.M.*, 234 S.W.3d 103, 104 (Tex.App.--El Paso 2007, no pet.); *In re G.E.*, 225 S.W.3d 647, 648-49 (Tex.App.--El Paso 2006, no pet.). There are two exceptions to the mootness doctrine: (1) capable of repetition yet evading review; and (2) collateral consequences. *General Land Office of State of Texas v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990); *In re R.M.*, 234 S.W.3d at 104. To invoke the "capable of repetition, yet evading review" exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *In re R.M.*, 234 S.W.3d at 104. Given that J.M.'s probation has been terminated and that he is more than eighteen years of age, there is no reasonable expectation that he would again be subjected to a juvenile disposition ordering supervised probation. *In re G.E.*, 225 S.W.3d at 648; *In re R.M.*, 234 S.W.3d at 104. Consequently, the first exception to the mootness doctrine does not apply.

The collateral consequences exception pertains to severely prejudicial events, the effects of which continue to stigmatize helpless or hated individuals long after the unconstitutional judgment has ceased to operate. *General Land Office of State of Texas*, 789 S.W.2d at 571; *In re R.M.*, 234 S.W.3d at 104. This exception was applied in *Carrillo v. State*, 480 S.W.2d 612, 616-17 (Tex. 1972), where a juvenile was discharged from probation while his case was on appeal. *In re R.M.*,

234 S.W.3d at 104-05. Noting that juvenile adjudications carry deleterious collateral effects and legal consequences, including the stigma attached to being adjudged a juvenile delinquent, the Supreme Court held that Carrillo's case was not moot because "a minor should have the right to clear himself by appeal" and this right should not disappear when the sentence imposed is so short that it expires before the appellate process is completed. *Id*. at 617. Here, J.M. does not appeal the adjudication order. Instead, he appeals only the disposition. *See In re G.E.*, 225 S.W.3d at 648. Our resolution of the issues presented could not have any impact on the collateral effects and legal consequences of being adjudged a juvenile delinquent. Therefore, this case does not fall within the collateral consequences exception.

We conclude that J.M.'s appeal from the order of disposition has become moot because J.M.'s juvenile probation has been terminated. *See In re G.E.*, 225 S.W.3d at 648 (dismissing appeal as moot where juvenile only appealed disposition and did not appeal adjudication).

Accordingly, we dismiss the appeal as moot.


December 19, 2012

                                   CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.