COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
  
  
 IN THE MATTER OF J.M.,
 A JUVENILE,
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-11-00297-CV
  
 Appeal from the
  
 65th
 Judicial District Court 
  
 of El
 Paso County, Texas 
  
 (TC#10,01729) 
  
 
 


 

O
P I N I O N

            J.M.,
a juvenile, appeals his disposition following his adjudication as a delinquent.
 We dismiss the appeal as moot.

BACKGROUND








            On August 22, 2011, J.M. entered a
plea of true to the offense of evading detention alleged in the State’s
Petition Based on Delinquent Conduct.  The
juvenile court entered an adjudication order on the same date.  The Disposition Hearing was held on September
27, 2011.  Following that hearing, the
juvenile court referee ordered that J.M. be placed on supervised probation,
with no curfew until his 18th birthday.  Probation
review was scheduled for four months after the disposition hearing.  Following the review, J.M.’s probation was
terminated on February 8, 2012 and he has since turned eighteen years of age.

MOOTNESS

            On
appeal, J.M. raises one issue asserting that the juvenile court abused its
discretion by ordering a disposition that was not supported by the evidence.  The State initially responds that J.M.’s
appeal is moot because the juvenile court terminated J.M.’s probation on
February 8, 2012 and because J.M. can no longer be a party in the juvenile
system.

A case becomes
moot when the issues presented are no longer live or the parties lack a legally
cognizable interest in the outcome.  Murphy v. Hunt, 455 U.S. 478, 481, 102
S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). 
This Court has previously held that an appeal from a disposition order
becomes moot when the juvenile’s probation is terminated.  In re
R.M., 234 S.W.3d 103, 104 (Tex.App.--El Paso 2007, no pet.); In re G.E., 225 S.W.3d 647, 648-49
(Tex.App.--El Paso 2006, no pet.). There are two exceptions to the mootness
doctrine:  (1) capable of repetition yet
evading review; and (2) collateral consequences.  General
Land Office of State of Texas v. Oxy U.S.A., Inc., 789 S.W.2d 569, 571
(Tex. 1990); In re R.M., 234 S.W.3d
at 104.  To invoke the “capable of
repetition, yet evading review” exception, a plaintiff must prove that:  (1) the challenged action was too short in
duration to be litigated fully before the action ceased or expired; and (2) a
reasonable expectation exists that the same complaining party will be subjected
to the same action again.  Williams v. Lara, 52 S.W.3d 171, 184
(Tex. 2001); In re R.M., 234 S.W.3d
at 104.  Given that J.M.’s probation has
been terminated and that he is more than eighteen years of age, there is no
reasonable expectation that he would again be subjected to a juvenile disposition
ordering supervised probation.  In re G.E., 225 S.W.3d at 648; In re R.M., 234 S.W.3d at 104.  Consequently, the first exception to the mootness
doctrine does not apply.

The collateral
consequences exception pertains to severely prejudicial events, the effects of
which continue to stigmatize helpless or hated individuals long after the
unconstitutional judgment has ceased to operate.  General
Land Office of State of Texas, 789 S.W.2d at 571; In re R.M., 234 S.W.3d at 104.  This exception was applied in Carrillo v. State, 480 S.W.2d 612,
616-17 (Tex. 1972), where a juvenile was discharged from probation while his
case was on appeal.  In re R.M., 234 S.W.3d at 104-05.  Noting that juvenile adjudications carry
deleterious collateral effects and legal consequences, including the stigma
attached to being adjudged a juvenile delinquent, the Supreme Court held that
Carrillo’s case was not moot because “a minor should have the right to clear
himself by appeal” and this right should not disappear when the sentence imposed
is so short that it expires before the appellate process is completed.  Id.
at 617.  Here, J.M. does not appeal the
adjudication order.  Instead, he appeals only
the disposition.  See In re G.E., 225 S.W.3d at 648.  Our resolution of the issues presented could
not have any impact on the collateral effects and legal consequences of being
adjudged a juvenile delinquent.  Therefore,
this case does not fall within the collateral consequences exception.

We conclude that
J.M.’s appeal from the order of disposition has become moot because J.M.’s
juvenile probation has been terminated.  See In re G.E., 225 S.W.3d at 648
(dismissing appeal as moot where juvenile only appealed disposition and did not
appeal adjudication).

Accordingly, we
dismiss the appeal as moot.

 

 

December
19, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.