

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-13-00834-CR
& 04-13-00835-CR

Albert **NICOLAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. B93-6 & B93-7
Honorable M. Rex Emerson, Judge Presiding

PER CURIAM

Sitting:    Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice
           Patricia O. Alvarez, Justice

Delivered and Filed:  March 19, 2014

DISMISSED AS MOOT

In previous judgments in which appellant Albert Nicolas was convicted of aggravated sexual assault of a child, the trial court imposed $5,766.86 in costs.  Several years later, appellant filed a "Motion for Nunc Pro Tunc to Correct Judgments and Sentences, Motion to Set, Motion for Bench Warrant."  In this motion, appellant sought to have the trial court correct the judgments in his prior convictions "to remove the attorney fees" imposed because appellant was at all times indigent.  By order signed October 1, 2013, the trial court found appellant was indigent and stated

appellant "is no longer required to pay the fine, court cost due to Kerr County, as required in the Judgment recorded in the above entitled cause in the amount of $5,766.86."[1]

Despite receiving what appears to be all the relief he sought by way of his motion, appellant timely filed a notice of appeal. Based on our initial review of the clerk's record, it appeared appellant's appeals are moot – given that he received the relief he sought. Because it appeared any issues appellant might raise would be moot, we ordered appellant to file in this court on or before February 24, 2014, a statement of the issues he intends to raise on appeal. We advised that if appellant failed to file a statement of issues as ordered, we would dismiss his appeal as moot. Appellant did not respond.

A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Texas has applied the mootness doctrine in juvenile cases. *See In re R.M.*, 234 S.W.3d 103, 104 (Tex. App.—El Paso 2007, no pet.) (citing *In re G.E.*, 224 S.W.3d 647 (Tex. App.—El Paso 2006, no pet.)). In *G.E.*, the juvenile appealed the disposition order and his placement in a boot camp. *Id.* at 648. While the appeal was pending, the juvenile's probation was terminated. *Id.* The court of appeals dismissed the appeal as moot because there was no live controversy between the parties and resolution of the issues on appeal would have had no effect. *Id.*

The Texas Court of Criminal Appeals has also applied the mootness doctrine. In *Winkler v. State*, 252 S.W.2d 944, 944 (Tex. Crim. App. 1952), the defendant appealed his drunk driving conviction. On appeal, the defendant challenged the trial court's assessment of a fine and costs. *Id.* The Court of Criminal Appeals held that because the defendant had paid the fine and costs, the appeal was moot. *Id.*; *see also Fouke v. State*, 529 S.W.2d 772, 772 (Tex. Crim. App. 1975)

---

[1] Nicolas recites a different dollar amount in his motion. However, the judgment in the clerk's record reflects costs of $5,766.86.

(holding appeal from conviction for resisted arrest was moot because defendant voluntarily paid fine and costs, which was only punishment assessed).

In this case, Nicolas sought to have the trial court remove the imposition of the costs assessed in the prior judgments. The trial court granted Nicolas the relief he sought. Accordingly, we hold the appeals are moot. Proceeding with the appeals and rendering a judgment would have no practical legal effect on an existing controversy. We therefore dismiss the appeals as moot.

PER CURIAM

Do Not Publish