

# NUMBER 13-24-00288-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN CURTIS HARTLEY,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                       Appellee.

## ON APPEAL FROM THE COUNTY COURT
## OF WHARTON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Silva**

A jury found appellant John Curtis Hartley guilty of assault causing bodily injury on a family member, a Class A Misdemeanor. *See* TEX. PENAL CODE § 22.01(a)(1), (b). The trial court subsequently placed Hartley on community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.053(a)(1), (f). In this appeal, Hartley solely contends that the trial court

erred because its written judgment varied from its oral pronouncement concerning the amount of credit he received for time served in jail as applied against the jail sentence the trial court imposed as a condition of his community supervision. We dismiss the appeal for want of jurisdiction as it is moot.

## I.    BACKGROUND

Hartley was charged by information with the above-referenced offense on September 1, 2023. *See* TEX. PENAL CODE § 22.01(a)(1), (b). On December 4, 2023, Hartley was found guilty by a jury, and he elected the trial court to impose his sentence. The trial court sentenced Hartley to 365 days' confinement in the county jail. However, the trial court subsequently suspended the sentence and placed Hartley on community supervision for twenty-four months. *See* TEX. CODE CRIM. PROC. art. 42A.053(a)(1), (f). During the sentencing hearing, the following exchange occurred:

| THE COURT: | I'm going to sentence you to 365 days in the county jail, probated [for] 24 months. As a condition of your probation, I'm going to sentence you to 150 days in the county jail, credit time served for 120 days. So, you have 30 more days. Because you're indigent, there's no fine. I'm going to credit all your costs. So, you're not going to have to pay anything. But I am going to assess you 100 hours of community service. |
|---|---|
| [Hartley]: | Yes, sir. |
| THE COURT: | Okay? So, again, it's 24 months of probation, 150 days county jail, credit for 120 [days] served, credit all the costs, [and] 100 hours of community service. |

The trial court subsequently entered its community supervision order on December 6, 2023. The order stated that Hartley "is given [116 days'] credit on this sentence as a

2

condition of [p]robation." The order also stated that, as a condition of his community supervision, Hartley must, among other things, "[s]ubmit to . . . incarceration of 150 days [in] county jail as a condition of probation, 116 days for credit time served." This appeal ensued, in which Hartley argues by one issue that "[t]he trial court erred in entering a judgment providing for an amount of time credit that was incon[s]istent with the court's oral pronouncement of judgment." He argues specifically that, in calculating the length of time he was required to spend in jail as a condition of his community supervision, the judgment should have awarded him credit of 120 days rather than 116 days for time served.

On November 21, 2025, the State filed a "Motion to Revoke Probation" alleging that Hartley violated various terms and conditions of his community supervision. The State subsequently dismissed its motion on February 5, 2026, "[p]er [an] agreement with the [district attorney's] office, probation[,] and the Judge." That same day, the trial court signed its written order "unsuccessfully" discharging Hartley from his community supervision.

## II.    MOOTNESS

On April 22, 2026, the State filed a "Suggestion of Mootness," which we construe as a motion to dismiss appeal for mootness. In its motion, the State represented to this Court that Hartley is no longer in confinement, custody, or on probation "as a result of the underlying cause" because he was "discharged from probation." The State requests we consider Hartley's appeal as moot. On April 27, 2026, this Court ordered Hartley to file a response to the State's motion suggesting mootness on or before May 1, 2026. That same day, the appellate record was supplemented to include the trial court's February 5,

3

2026 order unsuccessfully discharging Hartley from community supervision. To date, Hartley has failed to respond or otherwise comply with this Court's order.

"The courts of appeals are without jurisdiction to entertain an appeal wherein all the issues sought to be resolved by the court are moot." *State v. Curl*, 28 S.W.3d 838, 841 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.). "A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties." *Alvarez v. State*, 728 S.W.3d 293, 300 (Tex. App.—Corpus Christi–Edinburg 2025, pet. ref'd) (quoting *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004)); *Truong v. State*, 580 S.W.3d 203, 207 (Tex. App.—Houston [1st Dist.] 2019, no pet.). "A case that is moot is normally not justiciable." *Pharris v. State*, 165 S.W.3d 681, 687 (Tex. Crim. App. 2005); *see In re State*, 659 S.W.3d 1, 9 (Tex. App.—El Paso 2020, orig. proceeding) (stating that "an actual controversy must exist between the parties at every stage of the legal proceedings, including the appeal"); *Glover v. State*, 406 S.W.3d 343, 350 (Tex. App.—Amarillo 2013, pet. ref'd) ("In order to address an issue on appeal, an appellate court must be presented with a justiciable controversy."); *Ex parte Flores*, 130 S.W.3d 100, 105 (Tex. App.—El Paso 2003, pet. ref'd) ("When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal."). "Courts do not have authority to provide advisory opinions, or to decide cases on hypothetical or contingent facts." *In re State*, 659 S.W.3d at 9. Relevant here, "a time credit complaint may be rendered moot when an inmate is completely discharged from confinement, control or supervision." *Ex parte Canada*, 754

4

S.W.2d 660, 663 (Tex. Crim. App. 1988).

Texas jurisprudence recognizes two exceptions to the mootness doctrine: (1) "capable of repetition, yet evading review" and (2) "collateral consequences." *See Pharris*, 165 S.W.3d at 687–88; *Truong*, 580 S.W.3d at 207–08. The "capable of repetition, yet evading review" exception is "limited to the situation where two elements combine: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Pharris*, 165 S.W.3d at 688 (quoting *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)). "The collateral consequences exception pertains to severely prejudicial events, the effects of which continue to stigmatize helpless or hated individuals long after the unconstitutional judgment has ceased to operate." *In re J.M.*, 394 S.W.3d 663, 665 (Tex. App.—El Paso 2012, no pet.) (citing *Gen. Land Off. of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex.1990)).

Here, the trial court has discharged Hartley from the community supervision order giving rise to this appeal. *See Ex parte Canada*, 754 S.W.2d at 663. Because the order was essentially withdrawn and vacated since his community supervision was terminated, no potential resolution by this Court regarding the complained-of error would have any effect. *Alvarez*, 728 S.W.3d at 300. We find that the appeal fails to present any justiciable controversy and has been rendered moot by Hartley's discharge from his community supervision*. See Pharris*, 165 S.W.3d at 687; *Ex parte Canada*, 754 S.W.2d at 663; *Alvarez*, 728 S.W.3d at 300; *Truong*, 580 S.W.3d at 207; *Glover*, 406 S.W.3d at 350. Accordingly, we have no jurisdiction to entertain a moot controversy. *See Curl*, 28 S.W.3d

at 841.

### III. CONCLUSION

Having examined and fully considered the State's motion to dismiss appeal for mootness and the appellate record, we are of the opinion that the State's motion should be granted. Therefore, the State's motion is granted, and the appeal is hereby dismissed for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
14th day of May, 2026.