**Opinion issued November 10, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00733-CV

————————————

**SCOTT D. LEVY & ASSOCIATES, P.C. AND SCOTT D. LEVY, Appellants**

**V.**

**CORINTHIAN COLLEGES, INC., Appellee**

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2014-00570

## MEMORANDUM OPINION

Appellants, Scott D. Levy & Associates, P.C. and Scott D. Levy, filed their notice of appeal seeking review of the August 29, 2014 oral ruling made by the trial court. *See* TEX. R. APP. P. 24.4(a). The trial court had ordered appellants to post a $950,000.00 supersedeas bond within ten days to stay execution of the foreign

judgment while the underlying foreign case was on appeal in the U.S. Court of Appeals for the Ninth Circuit. This ruling was memorialized in a written order signed by the trial court on October 9, 2014, denying appellants' motion to stay suit/plea in abatement, which was filed as part of a supplemental clerk's record in this Court. *See* TEX. R. APP. P. 27.2, 27.3.

On June 26, 2015, this appeal was stayed pursuant to the notice of bankruptcy filing by the appellee, Corinthian Colleges, Inc. *See* TEX. R. APP. P. 8.2; *see also* 11 U.S.C. § 362(a)(1) (West 2010). On August 23, 2016, the district clerk filed a second supplemental clerk's record in this Court, attaching the trial court's order, signed on June 21, 2016, dismissing the underlying lawsuit with prejudice based on the Ninth Circuit's June 9, 2016 reversal of the foreign judgment.

On August 30, 2016, because it appeared that this appeal may be moot, this Court's order and notice of intent to dismiss for want of jurisdiction reinstated this appeal and notified appellant that this appeal was subject to dismissal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). Appellant failed to timely respond.

This Court generally has jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2016) (listing appealable interlocutory orders); *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011) ("Unless a statute authorizes an interlocutory appeal, appellate courts generally only

have jurisdiction over appeals from final judgments.").  After the trial court's June 21, 2016 order dismissed the underlying trial court case with prejudice, that rendered this appeal moot and, thus, we lack jurisdiction over this appeal.  *See, e.g.*, *Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990) ("As a consequence of the trial court's granting the nonsuit, the temporary injunction ceased to exist and the appeal became moot.").

Accordingly, we **dismiss** this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a); 43.2(f).  We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.